## DANIELS VS. STREET.

Where a defendant in chancery, avails himself of whatever benefit he could have by means of his sworn answer, without objecting the want of jurisdiction at the hearing; and raises that question for the first time in the appellate court, the court would lay hold of any vestige of chancery jurisdiction before it would dismiss the cause, and send the plaintiff, to begin anew, in a court of law.

There can be no doubt of the vendee's right to recover compensation of his vendor, for a breach of warranty, upon proof that he has lost, or been deprived of, the beneficial enjoyment of the property, by means of a title paramount, though the property, being negroes and having volition, were seduced away from him, and he was placed in the attitude of plaintiff, instead of defendant.

*Appeal from Ashley Circuit Court in Chancery.*

The Hon. SHELTON WATSON, Circuit Judge.

PIKE & CUMMINS, for the appellant. There is no prayer in this case, for a *reformation* and *correction* of the bill of sale; nor under the prayer as connected with the special relief prayed, can a decree be rendered for such correction. 1 *Bibb* 468; 2 *Atk.* 3; *Ib.* 141; *J. R.* 590; 16 *Pet.* 194.

There is no proof of notice to Daniels, of the suit in Alabama, as would render the proceedings conclusive against him, (3 *Watts* 306; 9 *Lou. Rep.* 575; 15 *Wend.* 449,) and if there were, the recovery in Alabama is no evidence that the recovery was on a title paramount. 4 *Cond. Rep.* 436; 4 *Mass.* 349; 9 *Cow.* 156; 3 *Bibb* 280; 2 *N. Hamp.* 190; 3 *Yerg.* 403; 6 *Sm. & Mar.* 85; 10 *Ala.* 17. Hence the proof here of good title destroys the effect of the recovery.

YELL, contra. It is the peculiar province of a court of chancery, to relieve against mistakes in drawing instruments of wri-

ting. *Cook vs. Preston,* 2 *Root* 78 ; *Elmore vs. Austin, ib.* 415. *Lemaster vs. Burkheart,* 2 *Bibb* 29 ; 3 *J. J. Marsh* 190; *ib.* 232.

After a party has once answered to a bill in chancery, it is too late to urge that the opposite party had a remedy at law; unless the court of chancery is wholly incompetent to grant the relief sought by the bill. *Grandin vs. Leroy,* 2 *Paige* 509 *; Hawley vs. Cramer,* 4 *Cowen* 717.

If a writing is so framed or drawn by fraud, accident, or mistake, as not to express the true intent of the parties, chancery will relieve by letting in parol evidence to explain it. *Anderson's Ex. vs. Bacon,* 1 *A. K. Marsh.* 50 ; *Martin vs. Lewis,* 1 *ib ;* 3 *Conn. Rep.* 146 *; 6 Har. & John.* 24.

In a sale of personal property, it is not necesssary to suffer an eviction to enable the party to recover ; the vendee has his action at law without it. *Payne vs. Rolden,* 4 *Bibb.* 304 *; Read vs. Stratton,* 3 *Hayw.* 159 *; Laws of Slavery* 149.

Mr. Chief Justice WATKINS delivered the opinion of the Court.

The appellee exhibited his bill in chancery, against the appellant, setting forth that, on the 28th of July, 1843, in the State of Alabama, the defendant had sold, and delivered to him, four negro slaves, for the consideration of three thousand dollars then paid and satisfied, partly in certain debts due by the defendant, or for which he had become responsible as security, to the heirs of Jesse Street, of whom the complainant was one, and the residue in cash; and the defendant Daniels, at the time, executed his bill of sale, which was exhibited, under his hand and seal, whereby he declared, that he had that day, bargained and sold the four slaves, therein described, for the consideration above mentioned, and covenanted to warrant and defend the same from the just claims of all other persons whatsoever : but that the " complainant," either by fraud or mistake, omitted to insert the name of the "defendant " therein as vendee, in the bill of sale; though it was intended to be made to him as the purchaser and was delivered to him as such. But the defendant, at the time had no title to George and Solomon,

two of the negroes; and one Alfred Tann, claiming them adversely, secretly contrived to get them out of his possession, so that he was obliged to, and did, shortly afterwards, on the 20th, of April, 1846, institute his action of detinue in the Circuit Court of Sumpter county, Alabama, against Tann for their recovery, and which suit he caused to be diligently prosecuted up to the 12th of May, 1849, when the negroes were adjudged to be the property of Tann, a transcript of the record being exhibited. The defendant had in the meantime removed to Arkansas, and the complainant avers that the defendant promised him, that if he would go on and prosecute his suit with due diligence against Tann, and if he lost the same, he, the defendant, would pay him for the two negroes in question, and all attorney's fees and costs that he was compelled to expend about the suit, and that the defendant afterwards induced him to come out to Arkansas, under promise of paying him for the negroes, and the expenses and costs, which he had incurred. The complainant represents that, in the trade with the defendant for the four negroes, George and Solomon were estimated at sixteen hundred dollars though worth a thouand dollars each, when Tann clandestinely obtained the possession of them, and the service or hire of each, was worth one hundred and fifty dollars a year from that time forward, and proceeds to set forth the items of costs, attorney's fees, and expenses incurred by the complainant in the unsuccessful prosecution of the suit against Tann. The prayer of the bill is, that the defendant be required to admit the consideration and execution of the bill of sale to complainant, and the omission above menitoned considered as supplied therein; for decree against defendant for the value of the two negroes and their hire, and the amount of costs, attorney's fees and expenses incurred by complainant, and for discovery and general relief.

The chancellor, who rendered the decree appealed from, must have been unfavorably impressed with the answer of the defendant, which is, in some material matters respecting his knowledge of the pendency of the suit in Alabama, overturned by the evidence. And so in regard to the alleged omission, by mistake,

or inadvertance, of the complainant's name in the bill of sale; while he admits the sale or transfer of the negroes, and at the price stated, he denies that there was any mistake, and attempts to explain it in a manner which is unsatisfactory,· and contains internal evidence of being improbable. True there was a mass of testimony in the cause, and much of it conflicting; but we think the chancellor was justified in ascertaining, as he did, the main facts to be, that the defendant sold and intended to warrant the title of the negroes to the complainant; that the two negroes in question were taken at the estimate of sixteen hundred dollars; that Tann, an adverse claimant, contrived to obtain possession of them secretly, so that the complainant was compelled to bring an action at law to recover them. That, in prosecuting that action, he relied upon the title of this defendant, Daniels, and that he was defeated in the prosecution of the same, because of the adverse title older and superior to that of Daniels, there relied upon by the complainant, and so lost the negroes; that the defendant in Arkansas was apprised of those facts, and advised about the prosecution of the suit against Tann, and furnished to an agent, who came to Arkansas, on his request for that purpose, documents and evidence of title to be used by Street on the trial in Alabama, and gave him assurances of indemnity in case he lost the negroes; that Street prosecuted the suit in good faith with the assistance of two eminent counsel, whose fees he paid, and also the costs of the suit, which was adjudged against him.

The equity of the case appears to be with the complainant, and the decree of the chancellor, requiring the defendant to pay him the sum of sixteen hundred dollars, with interest at six per cent. from the time he instituted the action of detinue against Tann, and two hundred dollars the actual costs of suit, not including counsel fees or other expenses incurred by him, making an aggregate of twenty-four hundred and twenty-four dollars, cannot be objected to as excessive.

It is true, as contended for the appellant, that the court below did not formally decree the correction of the mistake, though al-

leged and proven, and implied in the terms of the decree, so that the complainant appears to have obtained the substantial relief sought, being a compensation in damages for a breach of warranty, in spite of the mistake or disregarding it. Admitting the complainant could have had a remedy at law, the question of jurisdiction is now, for the first time, made in the appellate Court. Such being the case, where there has been a resort to chancery in the first instance for relief, and it has acquired jurisdiction by the submission of the defendant, to answer and make the discovery prayed for, and he has availed himself of whatever benefit he could have by means of his sworn answer, without objecting the want of jurisdiction by plea, answer, or motion at the hearing, the appellate court should lay hold of any vestige of chancery jurisdiction before it would unravel the proceedings, direct the cause to be dismissed, and send the plaintiff to begin anew in a court of law. *See Price vs. The State Bank,* 14 *Ark.* 55 ; *Cockerill vs. Warner, Ib.* 354.

We are not required to decide the questions argued, whether the notice to call in the warrantor, to maintain the title he has conveyed, should not be in writing, or whether any such notice can be effectual, if given to the warrantor in another jurisdiction foreign to that in which the suit is pending. And it may be conceded, that the notice or demand upon the warrantor, to prosecute a suit for the recovery of personal property, of which the vendee, subsequent to the sale, may have lost the possession, is an anomaly not falling within the contract of warranty to defend the title, and, imposing no obligation upon the warrantor to obey it, it may even be supposed that the defendant, in this particular case, is not concluded, by his voluntary participation, in the suit instituted by Street, in Alabama, and that the record of that suit would be no further evidence against him, than to establish the fact of the existence of the judgment there rendered ; but there can be no doubt of the vendee's right to recover compensation, for a breach of warranty, upon proof that he has lost, or been deprived of, the beneficial enjoyment of the property by means

of a title adverse and paramount to that conveyed to him by his vendee.  The complainant ought not to be placed in a worse position, because the negroes, having volition, were seduced away from him by Tann, so as to place him in the attitude of plaintiff, instead of defendant, and the covenant of warranty would be equally available to him, if the failure to recover, or the recovery suffered, was owing to a want of title in the vendor.  Affirmed.