*T. H. WOODLIEF et al. v. JAMES MERRITT et als.

*Pleadings— Will.*

1. When the pleadings are so confused and vague, as to leave it in doubt what the parties are contending over, this Court will not take cognizance of the cause on appeal.

2. Courts of equity will not entertain a suit for the construction of a devise, but will leave the devisee to assert his right at law, in an action to recover the land.

(*Vaughan* v. *Farmer*, 90 N. C., 607; *Council* v. *Averett*, 95 N. C., 131; *Busbee* v. *Macy*, 85 N. C., 329; *Busbee* v. *Lewis*, Ibid., 332; *Pearson* v. *Boyden*, 86 N. C., 585; *Tayloe* v. *Bond*, Bus. Eq., 15; *Simmons* v. *Hendricks*, 8 Ired. Eq., 85; *Simpson* v. *Wallace*, 83 N. C., 477; *Alsbrook* v. *Reid*, 89 N. C., 154; cited and approved).

CIVIL ACTION, tried before *Philips, Judge*, at January Term, 1886, of FRANKLIN Superior Court.

There was a judgment for the defendants, and the plaintiffs appealed.

*Messrs. F. S. Spruill* and *John Devereux, Jr.*, for the plaintiffs.
*Messrs. C. M. Busbee* and *C. M. Cook*, for the defendants.

SMITH, C. J.   Looking to the allegations in the complaint, its principal purpose seems to be to obtain a construction of certain devises of land made in the will of Henry Merritt, who died in July, 1861, and the relief demanded, in case it

---

*DAVIS, J., having been of counsel, did not sit on the hearing of this case.

should be decided that a tract of fifty acres has not been disposed of in remainder, is that it be sold by a commissioner, as part of the residue, and the proceeds divided as directed by the testator. It states also, that the defendants Nancy Merritt and James H. Merritt are, and have been, in possession of the tract since the death of the widow, to whom it was given for life or during widowhood, and since her death, she being the executrix, no administration *de bonis non* has been granted on the testator's estate.

The answers of the defendants Nancy and James H. deny the construction contended for by the plaintiffs, and insist upon a different interpretation of the clauses of the will out of which the controversy arises, and, if not sustained by the Court, ask that the will be remanded for probate in a connected form, to carry out the intention of the testator.

The defendant William H. Merritt in his answer also undertakes to interpret the will, and claims to be tenant in common with the defendant Nancy, who with James H. are in possession, and demands partition, and damages for her exclusive occupancy, in the way of rents and profits.

We reproduce so much of the pleadings as will show that the parties, while agreeing in the one object of obtaining an authoritative construction of the several devises, in order to the determination of their rights to certain real estate, there seems to be no common understanding among them as to the nature and purposes of the action, aside from ascertaining and giving effect to the testator's intention. If there were none other, the confused statements contained in the pleadings would be a sufficient reason for our refusing to take cognizance of the cause on the appeal, since it is indispensable to the due administration of the law, that it should be properly presented, and the controversy disclosed in the conflicting allegations and demands.

But as a case for the advice of the Court as to the effect of certain provisions of a testamentary disposition of land be-

tween the legal claimants, the invoked jurisdiction cannot be entertained. If its object be for partition, after a declaration of rights, it should have been begun before the clerk, and there is no averment in the complaint of any common possession, no demand of partition, and the specific relief sought is a sale to be made by a commissioner.

If the sale be the end aimed at, it would have to be made by an administrator *de bonis non cum testamento annexo*, and none such has been appointed and is before the Court. *Vaughan* v. *Farmer*, 90 N. C., 607; *Council* v. *Averett*, 95 N. C., 131.

But the fundamental defect in the case, consists in its calling for the exercise of an equitable jurisdiction in advising upon a question of pure legal right, when there is no obstacle to bringing a suit at law, and no trusts involved, in executing which the trustee seeks the authoritative guidance of the Court. Where a party is in possession and cannot sue, under certain circumstances he can apply to the equitable jurisdiction to have removed a cloud upon his title. But he will not be aided when the way is open to a suit at law. *Busbee* v. *Macy*, 85 N. C., 329; *Busbee* v. *Lewis*, Ibid., 332; *Pearson* v. *Boyden*, 86 N. C., 585.

The principle is thus stated by PEARSON, J., in *Tayloe* v. *Bond*, Busb. Eq., 15: "The Court cannot, for instance, entertain a bill for the construction of a devise. Devisees claim by purchase under the devise as a conveyance. Their rights are purely legal and must be adjudicated by Courts of law."

The same rulings have been made in *Simmons* v. *Hendricks*, 8 Ired. Eq., 85; *Simpson* v. *Wallace*, 83 N. C., 477; *Alsbrook* v. *Reid*, 89 N. C., 154.

The last case is very similar in this aspect of it to that before us.

It is unnecessary to pursue the subject further. The action must be dismissed without prejudice, and it is so adjudged

Dismissed.