MARGARET MANSFIELD *et al.*

*v.*

HENRY MANSFIELD.

*Opinion filed April 24, 1903—Rehearing denied June 12, 1903.*

1. WILLS—*power of disposal is no greater than the estate devised.* A power of disposal accompanying a devise of a life estate is only co-extensive with the estate devised, unless there are other words in the will clearly indicating that a larger power was intended.

2. SAME—*what does not authorize exercise of power of sale.* Power given a life tenant to sell or convey his estate should circumstances or his necessity require, does not authorize an exercise of such power to enable the life tenant to discharge debts and liabilities voluntarily incurred by him.

3. JURISDICTION—*equity cannot construe will merely to settle legal title.* A court of equity cannot construe a will for the sole purpose of settling the legal title between complainant and his children.

4. SAME—*failure to question jurisdiction of subject matter not a waiver.* Failure to question jurisdiction of the subject matter in the trial court is not a waiver, since such jurisdiction cannot be conferred by consent.

5. SAME—*party cannot create a necessity for construing a will to settle legal title.* A life tenant cannot, by entering into a contract to sell part of the land, create a necessity which will require a court of equity to entertain a bill to construe the will to settle legal title.

WRIT OF ERROR to the Circuit Court of Mason county; the Hon. T. N. MEHAN, Judge, presiding.

LYMAN LACEY, Sr., for plaintiffs in error.

JOHN W. PITMAN, for defendant in error.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in chancery filed in the circuit court of Mason county by the defendant in error, Henry Mansfield, against plaintiffs in error, his minor children, to construe the last will and testament of his father, Henry Mansfield, Sr.

It is alleged in the bill that the testator died May 29, 1893, testate, having made his will May 21, 1889, and

leaving a widow and certain children his heirs-at-law surviving him; that the will was duly probated at the June term, 1893, of the probate court of Peoria county, and letters testamentary issued to Isabel F. Mansfield, Eliza H. Mansfield and Nathaniel T. Mansfield; that the indebtedness of the testator and costs of administration had been paid and distribution made of the personal estate; that his children were each in possession of the real estate devised to them; that said will gave to the complainant, Henry Mansfield, certain property in the city of Peoria, a farm of 226.67 acres in the town of Manito, another of 280 acres in the town of Havana, and still another of 505.22 acres in the town of Kilbourne, each in Mason county, this State. It then sets out the following clause of said will:

"It is by this my last will and testament expressly provided that all the lands, tenements and real property hereinbefore specifically devised to my said children, and each of them, shall be had and held by them, and each of them, for their natural life, and after their death to go and descend to their children, if any survive them, in fee simple; in the event of the death of any of my said children before the taking effect of this will, then to his or her or their child or children surviving, or their descendants: *Provided, however,* should any of my said children to whom such lands herein described are given, die without issue, then such lands shall be equally divided among their brothers and sisters, or their descendants: *And provided further,* however, should circumstances or their necessities require, the said person or persons to whom the lands hereinbefore named are specifically devised, shall have the power and authority to sell and convey or otherwise dispose of (including the right to mortgage) the same to any extent, not in excess of the third of the value of the same, it being my purpose and object to preserve my said estate intact, as far as possible, for my said children and their descendants, believing the income

therefrom, as herein provided, to be sufficient to secure for each of them a comfortable maintenance, if properly and judiciously managed."

The bill then alleges that the complainant married on April 30, 1890, of which marriage the plaintiffs in error were born; that he and his wife separated, and that she is claiming from him $8000 alimony; that the real estate devised to him and $300 or $400 worth of personal property is all he owns; that he has no money except for personal current expenses; that said property is unproductive. It sets out by items his financial condition, as follows:

| | |
|---|---:|
| Net income from lands for 1901 available 1902 ........... | $975 76 |
| Balance of salary available May, 1902..................... | 400 00 |
| Same salary from May 1 to November 1, 1902 ............ | 1000 00 |
| Total........................................... | $2375 76 |

All except accruing salary expended and gone. Owes bills, including money borrowed from a bank in Peoria, $1000.

| | |
|---|---:|
| Current expenses and incidentals for living for year.... | $1500 00 |
| Note and interest to Ulrich ............................. | 3165 00 |
| Note to Isabel L. Newton................................ | 1470 00 |
| Note to estate of father (about)......................... | 4000 00 |
| One year's support of children .......................... | 600 00 |
| Offer for compromise of suit in Chicago.................. | 300 00 |
| Actual indebtedness (about) ....................... | $11,985 00 |

| | |
|---|---:|
| Probable indebtedness on claim sued on in superior court, and for alimony, say.................................... | $8000 00 |
| And to be expended for said house in Lincoln............ | 3500 00 |
| Amount of probable indebtedness................. | $11,500 00 |

It is further averred that executions have issued on judgments against him for claims he cannot pay, and all his lands will be levied upon and sold and he left no support except his own labor; that the real estate devised to him is worth about $60,000, one-third in value of which he claims the right to sell in fee, under the provisions of said will, to "extricate himself" from his debts; that for his relief he contracted to Rufus Blakely 340 acres of the land devised to him for $14,400, conditioned that the courts of Illinois affirm and grant relief and license to

make a deed. The prayer is for a construction of the foregoing clause of his father's will, to the end that he may sell and convey the fee to one-third in value of the lands devised to him.

Lyman Lacey, Sr., was appointed guardian *ad litem* for said infant defendants. The case was referred to the master to take and report the evidence, and upon the coming in of his report a decree was entered, as follows: "That the contract for the sale of said lands to Rufus Blakely be and the same is hereby approved, and that the complainant, Henry Mansfield, have relief, license, power and authority, and he is hereby empowered and authorized, upon full payment of the aforesaid consideration therefor, to make, execute and deliver to said Rufus Blakely a good and sufficient deed, conveying to him in fee simple the same lands heretofore contracted to him, and that thereupon the defendants, Margaret Mansfield, Henry Mansfield and Elias B. Mansfield, and each of them, be and are hereby forever thereafter barred of and from all right, title and interest in and to the lands thereby conveyed, and that the complainant pay the costs of the suit."

The decree is based upon the following state of facts testified to by the complainant himself: That he is thirty-seven years of age and an attorney at law; that his indebtedness in Peoria for borrowed money, books purchased, tailor's bills, livery bills, etc., amounts to something over $1800; that he is indebted to one Nicholas Ulrich $3000, with interest amounting to $180, and to Mrs. I. Lee Newton $1000, with seven per cent interest from 1895; that there are two suits pending against him in the superior court of Cook county, one for $25,000 and the other for $3000; that he has no money arrangement with his wife, except she lives in Lincoln, Nebraska, and has no home, and one of the objects of this suit is to provide money for erecting a home there for her and the three children, which he estimates to cost not less than

$3500; that he had recently had a conversation with her about alimony, and she wanted $8000, part of which is to be expended in erecting the house mentioned; that there is not the slightest probability of a reconciliation between himself and his wife; that the only opportunity for educating his children is in the public schools and the University of Nebraska, in Lincoln. He further testified that to support his children in Lincoln would cost $50 a month; that there is no proceeding looking to a divorce, but he thinks there will be a divorce; that there is no agreement as to alimony between himself and his wife, but $8000 meets his views as well as hers. He further testified: "This proceeding is to enable me to pay debts, and, I consider, the alimony also. Besides the income from my land I have an income from my law business of about $2000. I am city attorney for Peoria. I have $40 in my pocket and $9 or $10 in the bank. I have no other income than my lands. My salary as city attorney is $166.65 a month, and there is now due me the portion of that extending to the part of the month expired, —just now about $85. The city attorney for Peoria has no time for outside practice. Should judgments be had against me I would have no means of paying them than the money in my possession and the Mason county land. Executions would reach my half of said lot 15 (a lot in Peoria) and said lands. If lot 15 and those lands should be sold I would have no means of support except from my profession. I can see no other means of disentangling myself from my debts than by the avails of the sale of the lands in this suit. My financial circumstances and necessities require me to make this sale."

The guardian *ad litem* has sued out this writ of error and urges two grounds of reversal: First, that the will of Henry Mansfield, Sr., does not give the complainant power, in any event, to dispose of more than a life estate in the lands which he seeks to convey; and second, that his circumstances, as shown by the bill and his own tes-

timony, do not require their sale, within the meaning of said will.

Where a power of disposal accompanies a bequest or devise of a life estate it is only co-extensive with the estate devised by the will, and means such disposal as a tenant for life could make, unless there are other words clearly indicating that a larger power was intended. (*Henderson* v. *Blackburn*, 104 Ill. 227, and cases cited; *Kaufman* v. *Breckinridge*, 117 id. 305; *Metzen* v. *Schopp*, 202 id. 275.) The most that could be claimed by the complainant would be, that by the terms of the will it was the clearly indicated intention of the testator to authorize him, under certain contingencies, to sell and convey the fee simple title. When the whole of the above quoted clause is considered, it is difficult to see how that position can be successfully maintained; but as the decree of the circuit court must be reversed on the second of the foregoing grounds insisted upon, it will not be necessary to further consider or at this time decide whether the power of disposal can be enlarged so as to authorize a sale and conveyance of the fee or not. The power of sale given is a limited power, and can only be exercised for the purposes named in the instrument; (*Fleming* v. *Mills*, 182 Ill. 464; *Griffin* v. *Griffin*, 141 id. 373;) and could not be exercised unless the necessities of the life tenants required it,—that is, made it necessary, etc.

The testimony in the record shows no necessity whatever for the sale of the property in question within the meaning of the power given. Every object and purpose for which the complainant seeks to sell and convey, absolutely, $14,400 worth of real estate, the fee to which belongs to his infant children and which their grandfather intended to be preserved intact, as far as possible, for them, is, that he may pay and discharge debts and liabilities voluntarily incurred by him. Certainly no one will seriously contend that under the provision of the will, "should circumstances or their necessities require,"

etc., the life tenants can themselves, in advance, by contracting debts, voluntarily create circumstances which will make it necessary to exercise the power, and then seek to do so to the detriment of their children. To hold that they could do so would be to place it in their power to defeat the clearly expressed intention of the testator.

As an original proposition, we also think the court below was without jurisdiction to entertain the bill, its only object being to have the circuit court, and by the terms of the contract between complainant and Blakely this court, settle the legal title between the complainant and his children. (*Strubher* v. *Belsey*, 79 Ill. 207; *Harrison* v. *Owsley*, 172 id. 629.) Nor is it true that by failing to raise this question in the court below it has been waived. Consent can never give jurisdiction of the subject matter. (*Richards* v. *Lake Shore and Michigan Southern Railway Co.* 124 Ill. 516, and many later cases.) What is said in *Parsons* v. *Millar*, 189 Ill. 107, as to the jurisdiction of the court below not being challenged, must be understood as applying to the facts of that case alone. There the court had jurisdiction to construe the will on the bill of one of the executors of the estate to enable him to make proper settlement and distribution of the money on hand.

The attempt to maintain jurisdiction upon the ground that it is a bill in aid of the contract between complainant and Blakely cannot be sustained. Blakely is seeking no relief here. We hardly think it can be seriously contended that the complainant could vest a court of equity with jurisdiction by himself creating a necessity for the construction of the will. We have, however, considered the case upon its merits as here presented.

The decree of the circuit court will be reversed and the cause remanded to that court with directions to dismiss the bill.      *Reversed and remanded.*