# CASES DETERMINED

## IN THE

# SUPREME COURT OF ARKANSAS

### FRANK v. FRANK.

#### Opinion delivered October 26, 1908.

1. EQUITY—JURISDICTION TO CONSTRUE WILL.—Equity will not entertain jurisdiction of a bill brought solely to construe a will which disposes of legal estates only, and which makes no attempt to create any trust relations with respect to the property devised. (Page 4.)

2. SAME—WAIVER OF JURISDICTION.—The objection that equity has no jurisdiction of the subject-matter of a bill cannot be waived. (Page 6.)

Appeal from St. Francis Chancery Court; *Edward D. Robertson,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

John F. Frank was a resident of Memphis, Tenn., and died there on October 6, 1904, leaving a will containing six paragraphs. The first paragraph provides for the payment of his debts; the second is a devise of his residence to two of his daughters and one of his sons; the third provides a legacy of one thousand dollars for a grandson. The fourth is as follows: "I hereby give, devise and bequeath to my seven children and legal heirs, to-wit: Chas. F., Robt. B., John L., Walter A., Clara M., Elizabeth G. and Leonora F. Frank, now Mrs. S. A. Bowen, all my property, real, personal and mixed, wheresoever situated, not already disposed of, which I now own or may hereafter acquire and of which I may die seized and possessed, absolutely and in fee simple and in equal shares. The division shall be made by three commissioners to be appointed by my said children, and the lots and parcels of land so divided shall be drawn for by them, and any difference in the valuation be settled among themselves. The property of my daughters, however, shall be held and owned by them for their sole and separate use and enjoy-

ment, free from the debts and contracts of any husbands, for and during their natural lives, with remainder in fee to their children, and, in default of children surviving either of them, then to my children who shall then be living, their heirs and assigns forever; and, should any of my sons die without issue, his or their shares shall also revert to my children then living, their heirs and assigns forever." The fifth paragraph is a provision that no lawyers' fees or court costs whatever be charged to his estate, and any heir desiring to employ an attorney should do so at his own individual expense. The sixth appointed three executors, and made provision for choosing their successors.

Mr. Frank owned large tracts of land in Lee, Crittenden and St. Francis counties, Arkansas. He left seven children surviving him; the children were all adults, and there were eight grandchildren, all of whom were minors. His children filed suit in the chancery court of St. Francis County against the grandchildren and the executors, seeking a construction of the will. They set forth the ownership of the land in said county and other counties in Arkansas by Mr. Frank at his death, the execution of his will and its due probation in Shelby County, Tenn., the names and residences of his children and grand children, and of the executors of the will, and that duly authenticated copies of the will had been filed with the clerk of each of said counties and had been duly admitted to probate by the probate courts of Lee, Crittenden and St. Francis counties; and set forth that the executors had duly qualified in the State of Tennessee, and are proceeding with the administration of said estate in the State of Tennessee, and have paid or will pay all of the debts and liabilities of every character, and have ample personal assets for that purpose, so that the said executors have not qualified and will not qualify in the State of Arkansas, as there is no occasion for their doing so. And they further alleged that the legacy given by the said will to the grandson had been paid or would be paid by the executors in Tennessee; and there is no necessity or occasion for taking such legacy into account for the purposes of this suit.

They further alleged that a suit had been brought and is now pending in the chancery court of Shelby County, Tenn., for a construction of the will of said John F. Frank, and that such court has jurisdiction of the subject-matter and the executors

named in said will, and that the children of said Frank are the plaintiffs, and his grandchildren are the defendants therein, and that said suit will be finally settled and determined with reference to the real estate located in the State of Tennessee, and all the personal property wheresoever situated; but that said court has no jurisdiction to establish the title to the lands in Arkansas; and for that reason this suit was brought for the purpose of obtaining a construction and interpretation of the titles derived by the parties to the suit to the lands devised by the fourth paragraph of the will.

The plaintiffs alleged that, by a proper construction and interpretation of the said fourth paragraph, the testator had attempted to limit a remainder in the lands upon a previous gift or devise thereof to the plaintiffs, respectively, in fee simple and equally; and charged that under the laws of Arkansas it was not lawful to dispose of the fee in said lands and then to create and limit a remainder upon such fee, and then to control and circumscribe the disposition of the fee, as was attempted in the will; and they allege that the plaintiffs take an absolute fee simple title, and that the remainders and cross-remainders to the children of the testator, or his grandchildren or descendants, as therein provided, are void and without effect. But they allege that, in consequence of the probate of the will, and because it disposes of all the said lands and contains provisions as above stated, it is necessary, in order that the titles of the plaintiffs may not be incumbered and embarrassed, and that they may be able to hold, use, enjoy and dispose of their lands according to their title and rights under the laws, that the court should put a construction and an interpretation upon the fourth paragraph of said will, and ascertain and declare and decree the legal effect thereof, so that the titles and rights of the parties may be fixed and established, and that it may be known just what they are and just what can be relied upon by all persons having occasion to deal with the same.

It was prayed that the defendants be brought in under proper process, and guardians *ad litem* appointed for the minors, they having no regular guardians; and that the court put a proper construction and interpretation upon every part of the will, particularly the fourth paragraph; ascertain and fix the rights

of the plaintiffs and defendants in the lands, which were described at length in the complaint, and their shares therein; and that the same be declared vested in the plaintiffs in fee, equally, share and share alike, and not subject to the remainders and provisions of the said fourth clause of the will limiting their titles and rights and restricting and circumscribing their powers of disposition; and that such provisions be declared and decreed to be of no force and effect.

The minor defendants were all brought properly into court, and filed answer through their guardian *ad litem,* taking issue with the construction which the plaintiffs placed upon the will and denying that the plaintiffs became seized in the fee simple of the real estate; and asserted that the proper construction of the fourth paragraph of the will was to devise the real estate to the plaintiffs for their natural lives, with a remainder in fee to the children of said plaintiffs; and they asked that the court place such construction upon the will.

The defendants also filed a demurrer to the complaint, on the ground that it did not state a cause of action. This demurrer does not appear to have been acted upon by the court.

Testimony was taken, which only went to prove the children and grandchildren left by Mr. Frank at the time of his death, and of the pendency of the suit in Tennessee, and other matters of fact alleged in the complaint. It was proved that all of the indebtedness of the estate had been discharged. The executors made no answer to the complaint, and accepted service of notice to take depositions. The case was heard on the complaint and its exhibits, and the answer of the infant defendants by their guardian *ad litem,* the evidence of service showing that the non-resident defendants were properly summoned, and the will and the depositions. The court construed the will as prayed in the complaint. The infant defendants by their guardian *ad litem* excepted to the same, and took an appeal.

*John Gatling,* for appellants.

*Wm. M. Randolph,* for appellees.

HILL, C. J. (after stating the facts). As will be seen by reference to the statement of facts, this is a bill brought by the children of John F. Frank to obtain a construction of the fourth

paragraph of his will; the children maintaining that thereunder they obtained a fee simple title to the lands devised in said paragraph, and the answer of the guardian *ad litem* of the grandchildren maintaining that the children obtained a life estate with a vested remainder in the grandchildren. There is no trust involved, no trust estate is created, and the excutors are not seeking aid or instruction in the discharge of their duties. The indebtedness of the estate has been paid. The sole question sought to be determined is the title conveyed to the respective parties to this suit under the fourth clause of the will. No controversy has arisen over it. The object of the suit appears to be to prevent rather than to settle a controversy. There are no equitable titles or trusts created by the will. The titles conferred by the fourth paragraph—whatever they may be—are purely legal and capable of assertion in a court of law. Has a chancery court jurisdiction to entertain this suit?

Mr. Pomeroy says: "Although there is not an entire uniformity in the decisions by courts of different States upon this particular subject, yet the doctrine which seems to be both in harmony with principle and sustained by the weight of authority is that the special equitable jurisdiction to construe wills is simply an incident of the general jurisdiction over trusts; that a court of equity will never entertain a suit brought *solely* for the purpose of interpreting the provisions of a will without any further relief, and will never exercise a power to interpret a will which only deals with and disposes of purely legal estates or interests, and which makes no attempt to create any trust relations with respect to the property donated." 3 Pomeroy's Equity Jur. (3 Ed.) § 1156.

This statement is quoted and followed in *Head* v. *Phillips,* 70 Ark. 432, and an examination of the authorities proves it to be sound.

The same principle is thus stated in the Encyclopædia of Pleading & Practice: "In fact, by the great preponderance of authority, the power of courts of equity to construe wills is simply an incident of their general jurisdiction over trusts; and while such power will be exercised liberally on behalf of executors, trustees or other persons interested in trusts created by wills, suits brought solely for the construction of wills, where no

trust is involved, will not be entertained." 22 Enc. Pl. & Pr. 1191.

The Court of Appeals of New York said: "It is by reason of the jurisdiction of the court of chancery over trusts that courts having equity powers, as an incident of that jurisdiction, take cognizance of, and pass upon, the interpretation of wills. They do not take jurisdiction of actions brought solely for the construction of instruments of that character, or when only legal rights are in controversy." *Chipman* v. *Montgomery,* 63 N. Y. 221.

In *Bailey* v. *Briggs,* 56 N. Y. 407, it is thus expressed: "It is when the court is moved in behalf of an executor, trustee or *cestui que trust,* and to insure a correct administration of the power conferred by a will, that jurisdiction is had to give a construction to a doubtful or disputed clause in a will. The jurisdiction is incidental to that over trusts."

The Illinois court said: "Where no trust is created, the law, as we understand it, is that neither the executor, nor the heir or the devisee who claims only a legal title in the estate, will be permitted to come into a court of equity for the purpose of obtaining a judicial construction of the provisions of the will." *Strubher* v. *Belsey,* 79 Ill. 307. This case was followed and reiterated in *Harrison* v. *Owsley,* 172 Ill. 629. *Mansfield* v. *Mansfield,* 203 Ill. 92, is strikingly similar to the case at bar. The lower court had given judgment on titles derived from a will at the instance of an heir, where no trust was involved, and the Supreme Court declined to pass upon the will and dismissed the action for want of jurisdiction, although the jurisdiction had not been questioned.

The following cases have also been examined and found to contain the same principle, in many of which there are reviews of the authorities on the subject: *Woodlief* v. *Merritt,* 96 N. C. 226; *Dill* v. *Wisner,* 88 N. Y. 153; *Torrey* v. *Torrey,* 55 N. J. Eq. 410; *Fahy* v. *Fahy,* 58 N. J. Eq. 210; *Kelley* v. *Kelley,* 80 Wis. 486; *Mansfield* v. *Mansfield,* 203 Ill. 92; *Miller* v. *Drane,* 100 Wis. 1.

A demurrer was interposed in the chancery court which does not seem to have been passed upon, but it raised the question of jurisdiction. *Kelley* v. *Kelley,* 80 Wis. 486. Even with-

out the demurrer, however, the court should have declined to pass upon the issue tendered, as it is not the subject-matter of jurisdiction of the chancery court; and consent cannot give such jurisdiction. *Mansfield* v. *Mansfield, 203* Ill. 92; *Richards* v. *Ry. Co., 124* Ill. 517.

In view of these authorities, and many more which may be found cited by the text writers and reviewed in the cases mentioned, it was unquestionably the duty of the chancery court to refuse to entertain the bill; and, for the error in entertaining it and rendering a decree construing the will, the decree is reversed, and the cause remanded with instructions to dismiss the bill without prejudice to any future litigation which may arise between the parties.