## BLAKE *v.* SCOTT.

### Opinion delivered October 18, 1909.

1. MUNICIPAL CORPORATIONS—SIDEWALK—LIABILITY OF ABUTTING OWNER.—Where an abutting owner contracted with another to construct a sidewalk and retaining wall along his property, and the latter performed the work, the abutting owner's liability to pay for the work is not affected by the invalidity of the city ordinance which required the sidewalk and retaining wall to be built; and the city, not being a party to the contract nor in privity therewith, was not liable in an action upon such contract. (Page 49.)

2. CONTRACTS—HOW PROVED.—To form an agreement, it is essential that there be a distinct intention that is common to both parties; but this intention need not be express, but may be reasonably implied from the acts and words used. (Page 50.)

3. SAME—WHEN PRESUMED.—Where a sidewalk contractor was requested by a landowner to build a sidewalk for him, and it was necessary to build a curb to protect the walk, and this was known to the landowner, it will be presumed that he intended to pay for the curb, as well as the sidewalk. (Page 50.)

4. ACTIONS—WRONGFUL TRANSFER—WAIVER.—The error of transferring a law case to equity is waived if no objection is made thereto. (Page 51.)

Appeal from Nevada Chancery Court; *James D. Shaver,* Chancellor; affirmed.

*Hamby & Haynie,* for appellant.

1. Appellee is not entitled to recover because he did not contract for the building of the curb.

2. It was not appellee's duty, under the circumstances, to build the curb.

3. It is inequitable to compel appellant to bear the extra expense due to the inequalities of sidewalk improvements on the street in question, caused by the grading and ditching done by the city of Prescott. The statute expressly requires uniformity. Kirby's Dig., § 5593; 17 Atl. 139; 53 Ark. 500.

*H. B. McKenzie,* for appellee.

1. The city of Prescott is not liable. It was not a party to the contract. 7 Am. & Eng. Enc. of L. 113, and cases cited; 101 U. S. 43; 4 Ark. 251; 17 Ark. 78.

2. Whether the ordinance requires curbs to be built or not, does not alter the status of the case in so far as relates to the liability of the city of Prescott. If it does require it, then it was appellant's duty to build them. Kirby's Dig., § 5542; 87 Ark. 85; 49 Ark. 199.

3. The city has the right to grade its streets and make ditches, wherever necessary. Kirby's Dig., § 5530; 58 Ark. 502; 66 Ark. 40; Elliott on Roads & Highways, 311, 312.

FRAUENTHAL, J. · The plaintiff below, H. V. Scott, instituted this suit against the defendant, G. R. Blake, upon an account for building a concrete sidewalk and curb. In effect, it was an action for a balance claimed due upon the account. The total amount due for the walk and curb was $273.90, and upon that the defendant had paid $132.45, leaving a balance of $145.45, for the recovery of which amount this suit was brought.

The defendant denied that he had employed the plaintiff to build the sidewalk and curb, but had only employed him to build the walk; that the cost of the walk amounted to $132.45, which he had paid; and that the balance of $141.45 was the cost of the curb, for which he claimed that he was not liable. In his answer he also alleged that some years before the building of this walk and curb the city of Prescott had dug a ditch in front of his property, and graded the street at that place, and thereby made an elevation in front of his property and next the street, which extended in depth from twelve inches to three feet from

the top of the sidewalk to the bottom of the ditch; and that the plaintiff built a wall or curb of that depth in front of the sidewalk, and that this suit is for the price thereof. He claimed that he did not employ plaintiff to build the wall or curb; that the necessity for building same was created by the city of Prescott in digging the said ditch and elevating the grade of the sidewalk; and that the city of Prescott was on this account liable for the price of building the wall or curb. He asked that the city of Prescott be made a party to the suit, which was done. The city of Prescott filed its answer, in effect denying that it had made any contract with any one for the doing of the work which was involved in the suit, and denied that it was in any manner liable therefor. Thereupon the circuit court, of its own motion and without any objection made by any party to the suit, transferred the action to the chancery court. The chancery court without objection of any of the parties assumed jurisdiction of the cause and proceeded to trial in the case. It rendered a judgment in favor of plaintiff and against defendant Blake for the amount of the claim, and dismissed the action as against the city of Prescott. Blake prosecutes this appeal.

It appears from the evidence that the defendant Blake owned a lot situated in a block along which the city of Prescott by ordinance required sidewalks to be built by the various owners of the lots. The lot of defendant was quite low, and some years prior to the building of this sidewalk the city of Prescott had dug a ditch and raised the grade before defendant's property as set out in his said above answer. The plaintiff was engaged in building sidewalks along the block for other owners of lots, and in building such walks he also built for the other owners the curb or retaining wall in the front of such walks down to the bottom of the ditch, for all of which work these other owners were paying. When, in doing this work for the other owners, the plaintiff was near to the property of the defendant, the defendant requested the plaintiff to proceed and do the work of building the walk before his property, as he was doing for the other owners; and about the only other definite understanding the parties had was as to the terms of payment. Nothing was definitely said as to the exact amount or extent of the work.

In order to build the sidewalk, it was necessary to build the **curb or wall as a part** thereof so as to retain the earth upon which

the walk rested, and the top of the curb became also a part of the walk. Upon receiving request from defendant to build the sidewalk in front of his property, the plaintiff began with building the curb or wall, and the defendant was present and saw the plaintiff doing every part of the work.

The only person or authority that requested the plaintiff to do the work was the defendant Blake, and it was only at his request that the plaintiff proceeded to do any of the work, and only at defendant's request that he did the entire work. This the defendant knew, and if he did not expect or intend to pay for the work of building the curb or wall he did not make any statement to that effect to plaintiff. In the progress of the work the defendant Blake made payments from time to time to plaintiff; and, after the entire work of building the curb or wall and walk had been completed and the plaintiff presented his claim for the balance due on said entire work, the defendant for the first time told the plaintiff that he thought the city of Prescott should pay for the curb or wall, and suggested that plaintiff sue the defendant Blake and said city for the cost of the curb or wall, and whatever the court said he would do.

The plaintiff claims that he understood from the agreement of his employment by defendant that he was to do the work of building the walk and curb or wall as constituting the sidewalk in the same manner as he was doing for the other owners at the time of the employment by defendant, and that defendant, and only the defendant, was to pay for the entire work. The defendant, Blake, contends that he thought it was the duty of the city of Prescott to pay for the work of building the curb or wall, and that the city would pay therefor and not he; and on that account made no mention relative thereto.

The right of the plaintiff to recover herein against the defendant Blake is determined by the contract which he made with Blake, either express or implied. The liability of Blake is not diminished or affected by any act done or ordinance passed by the city of Prescott. If he is liable for the indebtedness sued for, that liability is solely dependent upon his own acts and contract. It is contended by defendant Blake that the city of Prescott had dug a ditch before his property, and had in grading the sidewalk raised a high embankment, and thus had made the work in the front of his property so unequal that it was not uniform with like

work required of other owners, and on this account the ordinance of that city requiring him to lay sidewalks could not require him to build this curb or retaining wall. But, if that contention should be deemed to be correct, it would only be a defense to Blake in resisting the enforcement of that ordinance. If, on the other hand, he did not resist the enforcement of the ordinance, but proceeded to comply with its requirements and to build his sidewalk, and contracted with plaintiff to do the work, then his liability to plaintiff could not be affected by any act done by the city of Prescott. In fact, the city of Prescott was not a necessary or proper party to this suit. It was not a party to the alleged contract between plaintiff and Blake, and was not in privity therewith. It could not therefore be held liable in any action based upon such a contract. 7 Am. & Eng. Ency. Law, 113.

The rights of the parties herein are founded and rest upon the contract that was made between the plaintiff and Blake, and solely upon that contract. The uncertainty of these rights, if there is any uncertainty, grows out of the dispute in the testimony as to scope of that contract and to the failure of the parties when making the contract to specifically name its extent and scope in express language. When a contract is entered into, it is either express in its terms or its terms may be implied from the acts, conduct and express words of the contract. To form the agreement of the parties, it is essential that there should be a distinct intention that is common to both. But the intention of the parties need not be express; it may be implied from the acts and words used, and the law will impute to the parties an intention which the meaning of their words and acts reasonably import.

In *Freeman* v. *Cook*, 2 Exch. 654, 18 L. J. Exch. 114, that rule is formulated as follows: "If, whatever a man's intention may be, he so conducts himself that a reasonable man would believe that he was assenting to the terms proposed by the other party, and that other party upon that belief enters into the contract with him, the man thus conducting himself would be equally bound as if he had intended to agree to the other party's terms."

In this case the plaintiff was building sidewalks for other owners in the same block and along the same line of frontage of defendant's property. In doing the work for the other owners he also built as a part of their sidewalks the curb or wall down to

the bottom of the ditch, and of the same character as that which of necessity would have to be built for defendant in the construction of the sidewalk in front of defendant's property; and the other owners were directing that the curb or wall should be built before their property in constructing their sidewalks, and were paying therefor. The plaintiff offered to do the work in front of defendant's property in the same way and to the same extent. The defendant Blake requested him to build the sidewalk, without specifically mentioning the curb or wall; and when, in pursuance of that request, the plaintiff began the work by starting on the curb, the defendant stood by and saw the work of building the curb proceed. He must have known that plaintiff was only doing that work at his request and at the request of and by the direction of no other person or party. It was not suggested that any other person or that the city of Prescott would pay therefor, or was liable to pay therefor. The circumstances are sufficient to justify the finding, from the words and conduct of the defendant, Blake, and the plaintiff, that the defendant Blake requested this work of building the curb or wall to be done as a part of the work of building the sidewalk; and that he would pay the plaintiff therefor. "An implied contract to pay will be presumed if under all the circumstances the services were such as to lead to a reasonable belief that they would be paid for." *Hogg* v. *Laster,* 56 Ark. 382.

The work here done was specifically beneficial to Blake, and from his words and acts it is but reasonable to presume that it was the intention of both the parties that he requested the work to be done, and it is just to imply that he intended to pay therefor. Bishop on Contracts, § 188; 2 Page on Contracts, § 772; 9 Cyc. 248.

It follows that there is ample evidence to support the finding of the chancellor that defendant Blake employed the plaintiff to build the curb or wall, and that he is liable to the plaintiff for the cost of same by reason of that employment.

It is the opinion of BATTLE, J., that the circuit court should not have transferred this cause to the chancery court, and that, in as much as there was no right or remedy in the case that called for the interposition of a court of equity, the chancery court had no jurisdiction to entertain or to try the case; that on this account the judgment of that court should be reversed and the

cause remanded to the chancery court with direction to transfer the cause to the circuit court. But he is of opinion that the plaintiff is entitled to recover of defendant Blake the amount sued for, and that the city of Prescott was not a proper party to the suit. The majority of the judges are of opinion that, in as much as none of the parties objected to the transfer of the cause to the chancery court and did not object to the chancery court entertaining and trying the action, any objection to such transfer would now be considered waived, although none of the parties has made any objection to such transfer or to the trial of the cause by the chancery court, in this court; and that under this state of the case the chancery court had jurisdiction to try and determine the cause. *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81, and authorities there cited.

The decree is affirmed.

BATTLE, J. (dissenting). The Constitution of this State provides: ":Until the General Assembly shall deem it expedient to establish courts of chancery, the circuit courts shall have jurisdiction in matters of equity, subject to appeal to the Supreme Court, in such manner as may be prescribed by law." Art. 7, § 15. And further provides that the General Assembly may establish separate courts of chancery when deemed expedient. Art. 7, § 1. That it has done. Such courts were vested only with jurisdiction in matters of equity. The Legislature could vest them with no other.

Before the enactment of the "Code of Practice in Civil Cases," this court would have reversed a decree of the court in chancery on appeal and dismissed the suit, when no equity was involved, notwithstanding there was no objection to the jurisdiction of the trial court. It was, however, with great reluctance the court did so in such cases. In *Daniels* v. *Street,* 15 Ark. 307, 311, Chief Justice WATKINS, speaking for the court, said: "Admitting the complainant could have had a remedy at law, the question of jurisdiction is now, for the first time, made in the appellate court. Such being the case, where there has been a resort to chancery in the first instance for relief, and it has acquired jurisdiction by the submission of the defendant to answer and make the discovery prayed for, and he has availed himself of whatever benefit he could have by means of his sworn

answer, without objecting to the want of jurisdiction by plea, answer, or motion at the hearing, the appellate court should lay hold of any vestige of chancery jurisdiction before it would unravel the proceedings, direct the cause to be dismissed, and send the plaintiff to begin anew in a court of law." *Cockrill* v. *Warner,* 14 Ark. 354.

In *Mooney* v. *Brinkley,* 17 Ark. 340, 358, Chief Justice ENGLISH, in delivering the opinion of the court, said: "The defendant submitted to answer the whole bill, and did not, by demurrer, nor in his answer, object to the jurisdiction of the court of equity over any of the matters set up in the bill. Having thus submitted the cause to the cognizance of the court, it was too late for him upon the hearing, and it is too late here, to object to the jurisdiction, *unless the court were wholly incompetent to grant the relief which complainant sought by the bill."* *Apperson* v. *Ford,* 23 Ark. 746, 763.

This ruling was doubtless based upon the elementary principle of law that consent cannot give a court jurisdiction of the subject-matter of an action. It has been repeatedly held by this court that consent cannot give jurisdiction. *Frank* v. *Frank,* 88 Ark. 1, 6; *Little Rock & Ft. Smith Ry. Co.* v. *Jamison,* 70 Ark. 346; *Grimmett* v. *Askew,* 48 Ark. 151; *Waggener* v. *Lyles,* 29 Ark. 47; *Jacks* v. *Moore,* 33 Ark. 31.

In *Frank* v. *Frank, supra,* Chief Justice HILL, delivering the opinion of the court, said: "A demurrer was interposed in the chancery court which does not seem to have been passed upon, but it raised the question of jurisdiction. *Kelley* v. *Kelley,* 80 Wis. 486. Even without the demurrer, however, the court should have declined to pass upon the issue tendered, as it is not the subject-matter of the jurisdiction of the chancery court; and consent cannot give such jurisdiction. *Mansfield* v. *Mansfield,* 203 Ill. 92; *Richards* v. *Ry. Co.,* 124 Ill. 517. In view of these authorities, and many more which may be found cited by the text writers and reviewed in the cases mentioned, it was unquestionably the duty of the chancery court to refuse to entertain the bill."

When equity jurisdiction was vested in the circuit courts, no question could arise as to the jurisdiction in matters of equity and law. The circuit court exercised both. As said in *Harris* v. *Townsend,* 52 Ark. 411: "Under the Code a plaintiff is only re-

quired to make a plain statement of his case in his complaint. If the case stated would have formerly been an action at law, either party is entitled to a trial by jury after the manner of the common law; but if the cause as stated would have been distinctly equitable under the old system, then it is triable according to the former chancery method. That is the substantial difference between law and equity under the new procedure. It does not recognize one judge as presiding over separate tribunals, the clash of whose jurisdictions confounds the practitioner and ruins the suitor. One court, endowed with the powers to try all causes, administers the whole law. For its convenience separate dockets are provided for the two classes of cases. If no objection is made to the form of trial—that is, whether it shall be according to the common law or chancery practice—it is adjudged not to be error to try a common-law case according to equity practice, or an equitable case according to the practice of the common law. *Organ* v. *Ry.,* 51 Ark. 235. It follows that, if objection is made, and the court applies the wrong form of trial to the case in hand, it commits only an error in the exercise of rightful jurisdiction, because the power to determine the cause and the method by which it shall be tried is devolved upon it. An erroneous judgment pronounced in such a case is not a nullity."

Since the creation of chancery courts, questions of jurisdiction arise and are important. The circuit courts can no longer rightfully exercise equity jurisdiction, nor can chancery courts exercise law jurisdiction; and judgments rendered by either class without jurisdiction are void. And the Supreme Court acquires no jurisdiction by appeal from such judgments, especially in cases where there is not a vestige of jurisdiction.

In the case at bar there was not a vestige of equitable jurisdiction. The matters involved were purely of common-law jurisdiction.

I think the judgment of the chancery court should be reversed.