### APPLE *v.* APPLE.

#### Opinion delivered December 23, 1912.

APPEAL AND ERROR—OBJECTIONS NOT RAISED BELOW.—Where, at the time his wife was given a divorce, appellant verbally agreed that she should retain a carriage and mare, and subsequently she filed a petition in the same cause asking that such verbal agreement be enforced, objections that the verbal agreement was not enforceable, that equity had no jurisdiction, or that there was no consideration for the agreement, can not be raised for the first time on appeal.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; affirmed.

*J. H. Harrod,* for appellant.
*Bradshaw, Rhoton & Helm,* for appellee.

SMITH, J. Appellant was the defendant in the court below in a suit for divorce and alimony. The complaint was filed on January 22, 1912, and there was a prayer for divorce "and for all and complete relief." A decree was entered March 20, 1912, which provided that in lieu of dower and alimony, the plaintiff, Hattie B. Apple, shall during her life, or until her marriage, if she should remarry, have possession of their residence in Little Rock, and of certain personal property, and that defendant should pay thirty dollars each month for the support of plaintiff and their children, and the decree

further provided: "The foregoing decree as to property rights is made by consent and agreement of the parties. The court doth retain control of this cause for such further orders and proceedings as may be necessary to ascertain definitely and enforce the rights of the parties hereto in the property and the childern herein referred to." After the close of the term at which this decree was rendered, the plaintiff on June 6, 1912, filed a petition in this same cause in which she alleged that at the time the agreement was entered into between plaintiff and defendant in reference to the disposition of the property involved in this action, the defendant agreed that plaintiff should have and keep possession of a carriage and a mare which had been used as the family driving horse, and that this agreement was a part of the arrangement by which the property was divided and she given the property to which she was entitled, under section 2684 of Kirby's Digest, upon being awarded a decree of divorce from her husband.

There is no intimation here that there was any collusion between the parties in the suit for divorce, and no objection was made by the defendant to the form of action which plaintiff brought to recover the possession of the carriage and mare. The answer merely said: "That he denies that plaintiff is entitled to the horse and surrey, states that the same is now his own individual property, and denies that he ever made any agreement with the plaintiff by which she should be given such property." The cause was heard upon the depositions of the plaintiff and the defendant, and the evidence presented a very close question of fact, and we can not say the findings of the chancellor are contrary to the clear preponderance of the evidence. The order of the chancellor recites that, after hearing the evidence, he "doth find that the plaintiff, Hattie B. Apple, is entitled to the horse and carriage involved in this controversy."

Appellant insists here that the whole foundation of plaintiff's cause of action was a disputed agreement in relation to a division or disposition of property in connection with a proceeding for divorce; that a court of equity will not carry into effect the private arrangements of parties to a divorce case in regard to their property matters, except by the agreement of the parties, and that, as there was no consideration for the

agreement made, she could not have maintained replevin for the property; and that, if she could not maintain replevin for the property, she could not secure it · by the order of the chancery court.

But none of these questions were raised below, and will not be considered here. *Blake* v. *Scott,* 92 Ark. 46; *Collins* v. *Paepcke-Leicht Lumber Co.,* 74 Ark. 81. Had fraud or duress been practiced upon the plaintiff in making the agreement for the division of the property, the court could have reconsidered its order in regard to the property, even though a proceeding for that purpose was not instituted until a subsequent term of court. So that the court might have had jurisdiction of the subject-matter of the controversy at the subsequent term, just as it had at the term at which the decree for divorce was rendered. The parties here litigated the property rights without raising any question in the court below as to the form of action, and we do not feel called upon to decide whether petitions in regard to the division of property can ordinarily be heard and granted by a chancellor under the circumstances here recited. *Talbot* v. *Wilkins,* 31 Ark. 422; *Moss* v. *Adams,* 32 Ark. 562; *King* v. *Payan,* 18 Ark. 583; *Hicks* v. *Hogan,* 36 Ark. 303; *Kampman* v. *Kampman,* 98 Ark. 328; *Organ* v. *Memphis & L. R. Rd. Co.,* 51 Ark. 235; *Mooney* v. *Brinkley,* 17 Ark. 340; *Sexton* v. *Pike,* 13 Ark. 193; *Daniels* v. *Street,* 15 Ark. 307; *Goodrum* v. *Merchants & Planters Bank,* 102 Ark. 326; *Gerstle* v. *Vandergriff,* 72 Ark. 261; *Burke* v. *St. Louis, I. M. & S. Ry. Co.,* 72 Ark. 256; *Love* v. *Bryson,* 57 Ark. 589.

The plaintiff testified that she and her husband had agreed that she should have the, horse and the carriage; that the carriage was already in her possession, and the defendant gave her the horse, but told her not to take possession of it until a Mr. Pye, to whom it had been loaned, was through with it.

The plaintiff further testified that "when we came up here in the court room, when the decree for divorce was given, I asked in the presence of the judge and the lawyers, how about the horse? and Mr. Apple said: "That is all right; you can have the horse and carriage." The chancellor may have treated the property here in controversy as disposed of under

this arrangement prior to his decree, and that it was therefore unnecessary to make any order in reference to it.

The appellant does not deny that he agreed that appellee might have the use of the horse and carriage, and that she had possession of them pursuant to this agreement. But he says this agreement was a conditional one, and the conditions were not performed and that he therefore took the property back into his own possession. The existence of these conditions was denied by appellee; besides they were improper.

Upon the while case, we think the findings of the chancellor are correct, and the decree will be affirmed.