STEPHEN V. R. SHEPHARD, Appellant,

*vs.*

CHARLES GENUNG et al., Appellees.

Wisconsin
5 397
80 488

APPEAL IN EQUITY FROM THE JEFFERSON CIRCUIT COURT.

Where there is a complete and adequate remedy at law, a bill of equity will not lie.

THIS was a bill in equity brought in the Circuit Court of Jefferson county, upon the following stated facts, viz:

The defendant Genung, was possessed of a farm in said county, which he was in the habit of renting on shares, and so proposed to complainant to rent it to him, reserving the right to sell the premises in the meantime. And a verbal letting took place, under which complainant went into possession of all of said farm, except one field, then in winter wheat. The terms of this letting were, that said complainant was to have the farm for the term of one year from the first day of April, 1853 (excepting said field), at an annual rent of $200; the said Genung reserving the right to sell, and to determine the tenancy in case of a sale. Complainant put in spring crops upon the farm, and also, with the consent of Genung, commenced to summer fallow a certain field of about thirty acres, for winter wheat, part of which was plowed on the 4th day of June, 1853, when Genung sold the farm to defendant McKee, who, however, purchased with a knowledge of complainant's rights, and complainant, after said sale, but against the consent of McKee, sowed about eighteen acres of said field to winter wheat, having obtained the seed wheat for that purpose of Genung, and putting the same into the ground in pursuance of an understanding with Genung, and on the undertaking of Genung to indemnify complainant for so doing against McKee.

On the first of April, 1854, complainant yielded up possession of the premises to the purchaser, McKee (excepting, as he insists,

said field sown to winter wheat), who continued in possession of the farm. It also appears that the said winter wheat was sown under protest of McKee, who claimed the whole farm, without reservation, under his purchase, on the first of April, 1854.

Upon the ripening of the wheat, in July, 1854, complainant commenced to harvest it, to which proceeding McKee objected; and on complainant persisting, and entering for that purpose, McKee procured the issuing of a warrant in an action of trespass, on which complainant was arrested and taken to Watertown for trial, where his time was employed in preparing for his defence, and the harvesting of the wheat neglected by him, and (at the time of filing of the bill), as complainant insists, the wheat was wasting from delay; but, in fact, as appears from the answer of McKee, he, McKee, was busily engaged in harvesting the wheat himself, aided by fifteen men whom he employed for that purpose, during the forced absence of complainant.

The bill prays an injunction to restrain McKee from bringing and prosecuting threatened trespass suits, &c., and for general relief.

Upon the hearing of the case upon the bill, the answers of the defendants, Genung and McKee, and the testimony, the court below dismissed the bill at the costs of the complainant, who took this appeal.

*J. E. Holmes* and *D. Hall*, for appellant.

*Enos & Hall*, for appellees.


*By the Court*, COLE, J. It appears to us that the decree of the Circuit Court in this case was correct, and must be affirmed. It is too well settled to need the citation of authorities, that where a party has a complete and adequate remedy at law, a bill in equity will not lie. Such appears to be this case. If the complainant owned the wheat in controversy, there was no difficulty whatever in his recovering it in an action of replevin, or the

Shephard vs. Genung et al.

value of it in action of trover. An attempt was made to sustain the bill on the ground that it was necessary to restrain vexatious and oppressive litigation, and prevent a multiplicity of suits. And although there is an allegation in the bill that McKee had threatened to commence suits daily against the complainant if he attempted to go on and harvest the wheat, yet there is no proof in the case to sustain this allegation.

The decree, therefore, of the Circuit Court, is affirmed with costs.