KELLEY, Respondent, vs. KELLEY and others, Appellants.

*October 23 — November 17, 1891.*

*Equity: Jurisdiction: Remedy at law: Construction of will: Ejectment.*

1. If the objection is taken by demurrer, a court of equity will not exercise jurisdiction where the plaintiff has a complete and adequate remedy at law.
2. Where both parties claim the legal title to land by virtue of the provisions of a will, and the defendant is in possession, the will may be construed and the rights of the parties determined in an action of ejectment.

APPEAL from the Circuit Court for *Dodge* County.

Action to obtain construction of a will. The facts are sufficiently stated in the opinion. The defendants *Joseph Kelley* and *Frank Kelley* appeal from the order overruling their demurrer to the complaint.

For the appellants there was a brief by *J. E. Malone,*

and oral argument by *Mr. Malone* and *Mr. I. C. Sloan.* To the point that the plaintiff's remedy was by ejectment, they cited *Meade v. Black,* 22 Wis. 240; *Lee v. Simpson,* 29 id. 333; *Gray v. Tyler,* 40 id. 579; *Adams v. Becker,* 8 N. Y. Supp. 260.

For the respondent there was a brief by *James J. Dick* and *George W. Sloan,* and oral argument by *Mr. Dick.*

COLE, C. J. This action is brought to obtain a construction of a clause in the will of Michael Kelley. The testator died in September, 1881. His will was admitted to probate, and the executors rendered their final account in April, 1883, which was allowed, and they were discharged from their trust. Michael Kelley, in the second clause of his will, gave and devised to his son John the eighty acres of land described, "to have and to hold, possess and enjoy, so long as he shall occupy the same and pay the taxes thereon; but, in case my said son shall abandon the possession of said land, or neglect to pay the taxes thereon whenever the same shall be due and payable, his interest in said land shall terminate, and the title to the same shall be and vest in my sons *Joseph* and *Frank* and their heirs absolutely." John Kelley took possession of the land devised to him in this clause of the will, and occupied the same, paying the taxes thereon up to the 17th day of July, 1887, when he died. The taxes have been paid since by *Joseph Kelley,* the administrator of John's estate. That estate has likewise been settled, and the administrator has been discharged. The plaintiff is the heir and only child of John Kelley by a divorced wife, and was living in Oregon when all these proceedings were had. She was a minor, and knew nothing about them, and neither made an appearance nor was represented by a guardian in any of them. She states that *Joseph* and *Frank Kelley* claim the land devised to her father, and have entered into the possession of the same, because

Kelley vs. Kelley and others.

the title or estate of John has been divested by his failure to perform the conditions of the devise. Her contention is that the estate under the will vested in her father absolutely, in fee, on a condition subsequent, and that, as performance became impossible in consequence of his death, it was not divested, but descended to her as his heir at law; hence a construction of the clause in the will is sought.

The appellants demurred to the complaint on the ground that the plaintiff had an adequate remedy at law, and that therefore the complaint should be dismissed. The circuit court overruled the demurrer. It is insisted that the demurrer should have been sustained for the reason therein stated. It is not claimed, nor could it well be under the authorities, that a court of equity would not exert its jurisdiction in a proper case on the application of an heir to construe a will. Such a jurisdiction has frequently been invoked in this and other courts, and has been exercised without question. But it is likewise a well-settled rule that a court of equity will not entertain or exercise jurisdiction where the party has a complete and adequate remedy at law, when the objection to such jurisdiction is seasonably taken. Where equity can grant the relief to which the plaintiff is entitled, and the objection is not duly taken, it is deemed waived. But where the objection is taken by demurrer, as here, that the party has a complete and adequate remedy at law, it is held that the objection must prevail. *Shephard v. Genung,* 5 Wis. 397; *Stroebe v. Fehl,* 22 Wis. 337; *Deery v. McClintock,* 31 Wis. 195; *Gunderson v. Cook,* 33 Wis. 551; *Gray v. Tyler,* 40 Wis. 579; *Knight v. Ashland,* 61 Wis. 247; *McMillen v. Mason,* 71 Wis. 405, are a few of the cases in this court where the rule has been enforced, and there can be no doubt but that the practice is in accord with the authorities on the subject.

The question is, Has the plaintiff a full, adequate, and complete legal remedy by ejectment to recover the land

which she claims? It seems to us that she has. If she is right as to the legal effect of the clause devising the land to her father, a court of law will certainly give her the property. She claims the land descended to her on the death of her father, and that *Joseph* and *Frank Kelley* are in possession of the same. Why cannot a court of law determine her rights under the will, and decide whether she was entitled to recover the land or not? A court of law can determine her rights under the will, and decide whether she is entitled to recover the land, as effectually as a court of equity. We therefore perceive no difficulty in its doing so, any more than in determining whether a deed was effectual to pass title to the grantee. Indeed, we do not see anything in the facts stated which calls for an interposition of equity. A court of law is fully competent to determine the effect of the will, and whether, under the circumstances, it did or did not vest in John Kelley an estate which descended to the plaintiff on his death. There is no occasion to resort to a court of equity to first determine her rights by settling the meaning of the clause of the will. There is nothing complicated, obscure, or difficult in the provision, nor can there be any serious doubt or uncertainty as to the rights of the parties claiming under it. Should the court hold that the clause vested in John an estate in fee-simple in the land on condition subsequent, or that the estate was not divested by nonperformance of the condition, the plaintiff could recover the land in an action of ejectment. She must bring such an action to recover the possession, even if a court of equity should construe the clause as she claims it should be construed. " So far as a will of real property bequeaths purely legal estates, and the devisees therein obtain purely legal titles to the land given, the enforcement thereof belongs to the courts of law by means of the action of ejectment. The courts of law have full power to construe and interpret the instrument, and to determine the

rights of the devisees. There is no necessity, and therefore no power, of resorting to a court of equity in order to obtain a construction of such wills." 3 Pom. Eq. Jur. sec. 1155.

In whatever view we have been able to take of the case, we think the remedy at law is full, adequate, and sufficient, and that there is no occasion to invoke the jurisdiction of a court of equity to construe the will.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded to that court with directions to sustain the demurrer to the complaint.