HEAD v. PHILLIPS.

Opinion delivered May 17, 1902.

1. JURISDICTION OF EQUITY—PARTITION.—Equity has no jurisdiction of a suit for partition of lands held adversely by another, the remedy at law by ejectment being adequate. (Page 433.)

2. SAME—CONSTRUCTION OF WILL.—Equity has no jurisdiction of a suit to construe a will which bequeaths a legal title only. (Page 434.)

Appeal from Little River Circuit Court in Chancery.

WILL P. FEAZEL, Judge.

Affirmed.

STATEMENT BY THE COURT.

This is a suit by the appellants against the appellees for the partition of certain lands mentioned in the complaint, and which are held adversely by the appellees. The appellees claim title to said lands by virtue of a will executed by Mary Alice Head, the mother of appellants. This complaint prays for a construction of this will and partition of the land. The complaint admits that the land is in the possession of appellees, and that they are holding it and claiming it adversely to appellants. The complaint showing this upon its face, one of the appellants interposed a demurrer to the same as follows:

Defendant, Carrie Phillips, demurs to plaintiff's complaint: (1) Because said complaint does not state facts sufficient to constitute a cause of action against this defendant; (2) because the court hath no jurisdiction to try and determine the causes of action set out in the complaint; (3) because plaintiffs have an adequate and complete remedy at law; (4) because there is a misjoinder of causes of action set out in the complaint.

Demurrer sustained, and complaint dismissed, and plaintiffs appealed.

J. C. Head, for appellants.

Equity has jurisdiction of partition where the titles are complicated, and, having once acquired jurisdiction of a cause, will do

complete justice. Story, Eq. Jur. §§ 648, 656, 651, note; Freeman, Cot. & Part. §§ 424, 425; 26 Am. Rep. 344; Bisph. Eq. p. 41, § 32; 2 Dan. Ch. Pr. 1021-1024; 37 Ark. 292; 30 Ark. 278; 14 Ark. 50; 37 Ark. 164; 52 Ark. 411; 34 Ark. 410; 36 Ark. 612; 48 Ark. 551; 64 Ark. 73. The construction of wills is a part of the original jurisdiction of chancery. 2 Story, Eq. Jur. §§ 1063, 1065a, 1065b. n. 1, 1065c, 1065d, 1067; 21 Ark. 164; 20 Ark. 600; 38 Ark. 435; 68 Ark. 369; id. 409; 4 Russ. 348; Jacobs, 468; 1 Sim. & St. 604; id. 286. The construction of wills and contracts belongs to courts, and not to juries. 20 Ark. 583; 36 Ala. 496; 41 Miss. 17; 24 Ga. 372; 38 Ga. 269; 56 N. Y. 242. The estate vested in Hugh L. Head at his mother's death. 1 Jarman, Wills, 799, 800, 801; 2 id. 87, 88; 4 Kent, Com. 201, 202, 203; 3 Washb. Real Prop. 432; 3 Ark. 147; 113 U. S. 340; 25 Wend. 119; 13 Ark. 573. The intent of the testator, if not illegal, will control. 4 Kent, Com. 533-535; 2 Washb. Real Prop. 6, 7; 2 Jarman, Wills, 13, 14; 2 Story, Eq. Jur. §§ 1301-1307. The devisee has not been guilty of any breach of the conditions of the will, and his title to the estate is perfect and valid. 4 Kent, Com. 130, 131; 2 Washb. Real Prop. 6-9; 2 Story, Eq. Jur. §§ 1301-1307, 1319; 1 Washb. Real Prop. 420, 421. If the third item of the will was intended as a provision for forfeiture, it was void. 2 Jarman, Wills, 11-15; 2 Washb. Real Prop. c. 14, §§ 6-9, 18; 2 Caine, 345; 54 Hun, 552; 27 Abb. N. Cas. 183; 58 S. W. 355; 29 Am. Rep. 493; S. C. 47 Ia. 607; 38 Am. Rep. 602; S. C. 36 Ohio St. 506; 40 Am. Rep. 703; S. C. 15 S. C. 440; 19 Am. Rep. 525.

*F. H. Taylor,* for appellees.

The appellees being in possession of the lands, claiming adversely, appellants cannot maintain partition in equity. 40 Ark. 155; 44 Ark. 334; 47 Ark. 235; 56 Ark. 391.

HUGHES, J., (after stating the facts.) It has been several times held by this court that where lands are claimed by another and held adversely, a suit in equity for partition will not lie. The remedy is in ejectment to settle the title, before a bill for partition can be maintained. The remedy by ejectment is complete and adequate. The will can be construed in a suit by ejectment, and the title settled. *Moore* v. *Gordon,* 44 Ark. 334; *Criscoe* v. *Hambrick,* 47 Ark. 235; *London* v. *Overby,* 40 Ark. 155.

The will in this case bequeathed a legal title only. "So far as a will of real property bequeaths purely legal estates, and the devisees therein obtained purely legal title to the land given, the enforcement thereof belongs to the courts of law by means of the action of ejectment; the courts of law have full power to control and interpret the instrument and to determine the rights of the devisees; there is no necessity, and therefore no power, of resorting to a court of equity in order to obtain a construction of such wills." 3 Pomeroy, Eq. Jur. § 1155. "The special equitable jurisdiction to construe wills is simply an incident to the general jurisdiction over trusts. * * * A court of equity will never entertain a suit brought *solely* for the purpose of interpreting the provisions of a will without any further relief, and will never exercise a power to interpret a will which only deals with legal estates or interests, and which makes no attempt to create any trust relations with respect to the property donated. * * * It is by reason of the jurisdiction of courts of chancery over trusts that courts having equitable powers, as an incident of that jurisdiction, take cognizance of and pass upon the interpretation of wills. They do not take jurisdiction of actions brought solely for the construction of instruments of that character, nor when only legal titles are in controversy." 3 do. § 1156.

As only a legal title was bequeathed by the will, without the creation of any trust, equity had no jurisdiction.

The demurrer was properly sustained.

Affirmed.