Day, J.
 

 The paramount question in this case is whether under the will of Charles Johnson it was the intention of the testator that, upon the performance of certain conditions named in the will, the interest of Yernon B. Fetterman in the land in question ceased when he became 21 years of
 
 *40
 
 age and testator’s daughter, Electa A. Bingham, was still living.
 

 The testamentary plan in the mind of the testator seems to have been first to care for those that were of his own blood, to-wit, his daughter, Electa A. Bingham, and her “natural heirs,” which latter expression, as used in this will, we are of opinion means issue of her body. For some reason, the record not disclosing, the testator desired to extend his bounty in a somewhat limited form to Vernon B. Fetterman, a boy 12 years of age at the date of the will. This boy was to receive reasonable board, clothing, and schooling, including a home, “as though he were an own child and he to work and conduct himself as though he were an own child until he is twenty-one,” at which date he was to receive $300 in money, to be paid to him by testator’s daughter, Electa A. Bingham, if she was living at that date. In the event that his daughter, Electa A. Bingham, should die, leaving no issue, before Vernon B. Fetterman arrived at the age of 21, then the property in question should go jointly to the husband of the said Electa, to-wit, Frank L. Bingham, and Vernon B. Fetterman, the latter to come into the enjoyment of his share when he arrived at majority, subject to the same conditions as provided in item second of the will. In the event that the said Electa A. Bingham should die without issue before Vernon B. Fetterman arrived at the age of 21, and in the further event that either Vernon B. Fetterman or Frank L. Bingham should die before the said Fetterman should attain the age of 21 years, in such contingency the survivor of them, the said Frank L. Bing
 
 *41
 
 bam or Vernon B. Fetterman, should succeed to the whole estate.
 

 We think it is apparent that the intention of the testator was to fix a limitation beyond which Vernon B. Fetterman should not share in his estate except to the extent of $300, to be paid to him as provided in item 2 of the will. The testator’s intention was to give the said Vernon B. Fetterman a home, reasonable board, clothing, and schooling until he attained his majority; then to give him $300 in money, and from that time on, his daughter, Electa, being in full life, the interest of the said Vernon B. Fetterman in the estate of the testator ceased.
 

 It is suggested that there is no apparent reason why his son-in-law, Frank L. Bingham, should at the attaining of majority by Vernon B. Fetterman cease to share in the bounty of the testator. Under the construction which we give the will the estate became an absolute fee simple in Electa A. Bingham upon the date of the majority of Vernon B. Fetterman and his receipt of the $300, the other requisites in the second item of the will being performed. From that time forward, such interest in the estate of Electa A. Bingham as her husband, Frank L. Bingham, would succeed to under the statutes of the state might well have been regarded by the testator as sufficient sharing in his estate. We regard it as a very natural disposition for the testator to have made of his property.
 

 It is the chief contention of plaintiff in error that the rule announced in
 
 Parish’s Heirs
 
 v.
 
 Ferris,
 
 6 Ohio St., 563, followed in
 
 Briggs
 
 v.
 
 Hopkins et al., Exrs.,
 
 103 Ohio St., 321, 132 N. E., 843, should con
 
 *42
 
 trol in this case. The syllabus in the latter case is:
 

 “Where there is a devise or bequest to one coupled with the provision that if he die without issue such property shall go to another, the words ‘die without issue’ are to be interpreted as referring to the time of the death of the first taker, unless a contrary intention and purpose of the testator is clearly manifested.”
 

 This rule is recognized in a series of cases in this state, cited in the opinion of
 
 Briggs
 
 v.
 
 Hopkins., supra,
 
 and we are not disposed to question the correctness of such rule. However, we do not deem those cases applicable, for the reason that a contrary intention and purpose of the testator is clearly manifested in the will under consideration. The testator made the age of majority of Fetter-man the limitation upon his interest in the estate. Upon arriving at majority Fetterman either secured the $300, under item 2 of the will, or if Electa had died before he was 21 years of age leaving “no natural heirs,” and Fetterman had complied with the conditions of the will, then no payment of $300 was to be made, but the property was to be divided equally between Fetterman and the husband of Electa, Frank L. Bingham.
 

 No bond, inventory, or appraisal was to be required of his daughter, Electa, as executrix, as provided in item 4 of the will, because, as the testator said, “the care and support of my said boy Vernon B. Fetterman devolving upon her.” The testator’s bounty in the interest of Fetterman was a charge against the estate of Electa A. Bingham, his daughter, until Fetterman became of age, or until she died without issue before Fetterman
 
 *43
 
 reached majority. No accounting or inventory or appraisal or bond being required of his daughter, Electa, as executrix, it seems most likely that the testator’s intention was to give his estate to his daughter at the majority of Petterman, and we can find no intention that he wished to allow his estate to remain open and unaccounted for during an indefinite term of years after the period of limitation, which seems so apparent, fixed in the will, to-wit, the date of attaining majority by the boy, Petterman.
 

 In the case of
 
 Colby
 
 v.
 
 Doty,
 
 158 N. Y., 323, 325, 53 N. E., 35, there was a bequest by testator to his daughter of his residuary estate, to be paid to her at the age of 21 years, if she should then be living:
 

 “In the case of the death of my said daughter Electa without lawful issue of her own body living at the time of her death, then and in that case on her death so without child or children, I give, devise and bequeath the said property and estate hereby devised to my said daughter, as follows,” etc.
 

 It was held that the death of the daughter referred to was her death during minority, and that it was the intention of the testator to pass a fee to the daughter, subject to being divested by her death before attaining majority. In the opinion at page 326 (53 N. E., 36), it is said:
 

 “It would require language absolutely clear to satisfy the court that this testator intended to leave his residuary estate to his daughter, who, in the order of nature, might survive him for half a century or more, and subject her to the possible peril of having her title reduced to a life estate at the
 
 *44
 
 time of death in default of issue then living. It would be a hard and unnatural will, in favor of which no presumptions should be indulged.”
 

 We think the principle in this case may be applied to the will in the case at bar, and that much that is said in the opinion is also applicable.
 

 Again, why should testator fix the majority of Vernon B. Fetterman as the period of the termination of the right of survivorship of Fetterman and Frank L. Bingham in the event of the death of either? If Fetterman died after his majority, then Frank L. Bingham received none of Vernon B. Fetterman ’s share. Why the care to protect the inheritance before majority and no provision made for the time after Fetterman’s majority? We think the testator had no intention that Fetterman, after reaching his majority, should have a share other than the $300.
 

 Further, the testator having created an absolute fee-simple title in his daughter, Electa A. Bingham, subject to the conditions named therein, we fail to find language subsequently used in the will showing an intention to cut down this fee-simple title to a life estate. To do so we think would be a violation of a very old and well-established rule of the law of wills, to-wit, that where by clear and unequivocal terms an estate in fee simple is given in one item of a will, the same cannot be cut down to a life estate by implication only, less clear than the intention to create the fee simple previously created. In
 
 Collins
 
 v.
 
 Collins,
 
 40 Ohio St., 353, 364, the rule is stated as follows:
 

 “As held in the case of
 
 Thornhill et al.
 
 v.
 
 Hull, 2
 
 Clark & Finn., 22, ‘It is a rule of the courts, in
 
 *45
 
 construing written instruments, that when an interest is given or an estate conveyed in one clause of the instrument in clear and decisive terms, such interest or estate cannot he taken away or cut down by raising a doubt upon the extent and meaning and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive as the words of the clause giving the interest or estate.’ ”
 

 Another reason indicating that the majority of Fetterman is a limitation upon his sharing in the estate beyond the $300 provided for is the fact that, under the third item of the will, if the daughter, Electa Bingham, should survive the date of the majority of Fetterman for some period of time, and then die without natural heirs, in such an event it would be impossible to meet the language of the third item, which passes the half interest to Vernon B. Fetterman “when he arrives at majority.” This language becomes a nullity, under such circumstances.
 

 In addition, suppose a transposition of the language of item 3 is made as follows: “I give unto the aforesaid Vernon B. Fetterman, when he arrives at majority, one-half of my estate, both real and personal, in case my daughter dies leaving no natural heirs.” It is apparent, as this language would show, that the arrival of Fetterman at the age of 21 marked the period that he was to share in the testator’s estate in the event that his daughter had died without natural heirs prior to such date.
 

 For the purpose of ascertaining the intention of
 
 *46
 
 the testator, standing in his position when he made the will, we cannot believe that if his daughter survived him, as she has for many years, and should have “no natural heirs,” he intended that in her old age her estate should be a life estate only. Such an intention is inconsistent ■with the evident natural love, affection, solicitude, and regard that he had for his daughter, as well as the confidence that the will discloses that he had in her.
 

 Giving construction to every part of the will, and viewing it from the standpoint of the testator at the time of its execution, in order to arrive at his intention, we have reached the conclusion that the construction given by the examiner of titles, the court of common pleas, and the Court of Appeals is the correct one, and the judgment of the court below in the premises is therefore affirmed.
 

 Judgment affirmed.
 

 Marshall, C. J., Jones, Matthias and Allen, JJ., concur.