AVERY, APPELLANT, *v.* AVERY, ADMX., ET AL., APPELLEES.

(No. 833—Decided November 17, 1958.)

*Messrs. Bowman, Hanna & Middleton,* for appellant.
*Mr. John C. Halleck,* for appellees.

SMITH, J. This is an action in ejectment by virtue of Section 5303.03, Revised Code, and before this court on appeal from a judgment for defendants in the Common Pleas Court. Section 5303.03 reads as follows:

"In an action for the recovery of real property, it is sufficient if the plaintiff states in his petition that he has a legal estate therein and is entitled to the possession thereof, describing it with such certainty as to identify the property, and that the defendant unlawfully keeps him out of the possession. It is not necessary to state how the plaintiff's estate or ownership is derived."

While this appeal is taken on questions of law and fact, the appeal is dismissed on questions of law and fact and retained on questions of law. Appellate jurisdiction on questions of law and fact is not accorded by Section 2501.02, Revised Code. The statutory action for recovery of real property is a substitute for the common-law action of ejectment maintainable by one claiming the right to possession of land in the possession of another. Such action is at law and is appealable only on questions of law, not on questions of law and fact. 18 Ohio Jurisprudence (2d), 651, 704, Sections 1 and 62.

The parties will be referred to herein as in the trial court.

The petition alleges that plaintiff has a legal estate in a tract of land and that defendants have unlawfully kept her out of possession to her damage in the sum of $3,000. The answer filed to the petition is a general denial. The journal entry in the trial court states that the cause was submitted to the court on the pleadings and the stipulation of counsel that the record in the case of *Avery* v. *Avery,* Cause No. 33951, being a former suit in the same Court of Common Pleas to quiet title between the same parties and not appealed, should constitute the evidence of facts for disposition of this case. The Common Pleas Court dismissed the plaintiff's petition herein upon its finding that the court was without jurisdiction to entertain the action.

The record therefor contains the will of Alfred Lapish, deceased, and reveals the following undisputed and agreed facts:

That defendant Vern Avery is the duly qualified and acting administratrix of the estate of John Lapish, deceased, appointed by the Probate Court of Wood County, Ohio, on February 18, 1955, and that estate remains open at this time; that plaintiff, Jennie Avery, also known as Jannie Avery, and Inez Buehler, Flossie Fearing and Harry Lapish are his heirs at law and next of kin; that John Lapish had never been married; that Alfred Lapish, the grandfather of Vern Avery and the father of John Lapish, died testate in 1917 and that his last will and testament was admitted to probate in the Probate Court of Wood County, Ohio, on or about August 23, 1917, and recorded in volume 22, page 144, of the Will Records of that court; that the plaintiff, Jennie Avery, is the daughter of Alfred Lapish, deceased, and that his son, John Lapish, is deceased, John Lapish being a brother of plaintiff, Jennie Avery; that plaintiff, Jennie Avery, and John Lapish were devisees under the last will and testament of Alfred Lapish, deceased; that another son of Alfred Lapish and brother of plaintiff, namely, George Lapish, died in 1948, leaving as his only heir and next of kin Inez Buehler, a daughter and a defendant herein; that another son of Alfred Lapish, namely, William Lapish, also a brother of plaintiff, Jennie Avery, died in 1948, leaving as his only heirs at law and next of kin a daughter, Flossie Perry, a defendant herein, and a son, Harry Lapish, a defendant herein; that the will of Alfred Lapish and the probate proceedings pertaining thereto produced in this case may be received in evidence, the will marked Exhibit A and mutually offered by all parties; that the certificate of transfer of the real estate in the estate of Alfred Lapish was duly filed in the office of the recorder of Wood County, Ohio, recorded in volume 185, page 153, Deed Records of Wood County, Ohio, the certificate having been filed November 6, 1918, and recorded on that date; that an administrator's or executor's account was filed in the estate of Alfred Lapish on August 26, 1918, and was settled on September 27, 1918, as appears in volume 37, pages 543 and 581, of the Probate Court of Wood County, Ohio; and that Sarah Lapish, wife of Alfred Lapish, predeceased Alfred Lapish by approximately two years, and was unmarried at the time of his death, having never married again.

The two assignments of error are that: (1) Plaintiff, appellant herein, excepts to the rule of the Common Pleas Court that it had no jurisdiction in this case; and (2) the court erred in refusing ejectment of defendant, appellee herein, from the lands in this cause. If the trial court is right on the first assignment of error, the ruling complained of in the second assignment of error would follow as a matter of course.

Plaintiff, in order to succeed in this action of ejectment, must produce evidence of a better legal estate or title in her to obtain possession of land held adversely by defendants. Under Section 5303.03, Revised Code, all questions in respect to plaintiff's and defendants' title, legal or equitable, may be raised in an action for the recovery of real property. *William's Lessee* v. *Burnet,* Wright, 53; *Harlan* v. *Veidt,* 6 Ohio App., 45; *Raymond* v. *T., St. L. & K. C. R. R. Co.,* 57 Ohio St., 271, 48 N. E., 1093; *Lessee of Dresback* v. *M'Arthur,* 7 Ohio, pt. 1, 146; *Lessee of Holt's Heirs* v. *Hemphill's Heirs,* 3 Ohio, 233; *Lessee of Hunt* v. *Guilford,* 4 Ohio, 310; *Turnbull* v. *City of Xenia,* 80 Ohio App., 389, 69 N. E. (2d), 378; *Carpenter* v. *Denoon,* 29 Ohio St., 379; 18 Ohio Jurisprudence (2d), 653, 658, 661, 662.

To prove right to possession, plaintiff submitted evidence of legal title by the terms of the will of Alfred Lapish, deceased. It is contended by counsel for defendants that the court in an action of ejectment does not have jurisdiction to consider such evidence because it requires the court to construe the will, and it is claimed that such jurisdiction is lodged within the exclusive jurisdiction of a Probate Court by the provisions of Section 2101.24, Revised Code, formerly Section 10501-53, General Code (114 Ohio Laws, 320, 335). This statute became effective in 1932, and was recodified without material change in the year 1953, and provides in its pertinent parts:

"Except as otherwise provided by law, the Probate Court has jurisdiction:

"* * *

"(K) To construe wills;

"* * *

"Such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law."

Aside from consideration of such statute, the law is clear that legal title may be shown as derived through testamentary devise. *Carpenter* v. *Benoon, supra* (29 Ohio St., 379). In 18 Ohio Jurisprudence (2d), 694, Section 52, it is stated:

"The record of the Probate Court where a will under which a party claims was established * * * or any other record affecting title to the land, is admissible to prove or disprove title, as the case may be."

Consonant to the rule, it is enunciated in 28 Corpus Juris Secundum, 851, 852, Section 4, as follows:

"* * * The construction of a will bequeathing the legal title, or a will on which defendant's claim of possession is based and the rights of the heir at law thereunder, may be settled in ejectment. The execution or validity of a will, so far as it purports to devise real estate, the exact location of an obliterated boundary, as well as the true position of a boundary line between the lots, may be settled in ejectment * * *."

The text is supported by *Head* v. *Phillips,* 70 Ark., 432, 68 S. W., 878; *Kelley* v. *Kelley,* 80 Wis., 486, 50 N. W., 334; and *Bennett* v. *Vonder Bosch,* 26 App. Div., 311, 49 N. Y. Supp., 802, appeal dismissed 155 N. Y., 693, 50 N. E., 1115.

The reasoning of the court in *Kelley* v. *Kelley, supra* (80 Wis., at 488), is applicable to this case:

"The question is, Has the plaintiff a full, adequate, and complete legal remedy by ejectment to recover the land which she claims? It seems to us that she has. If she is right as to the legal effect of the clause devising the land to her father, a court of law will certainly give her the property. She claims the land descended to her on the death of her father and that *Joseph* and *Frank Kelley* are in possession of the same. * * * A court of law is fully competent to determine the effect of the will, and whether, under the circumstances, it did or did not vest in John Kelley an estate which descended to the plaintiff on his death. There is no occasion to resort to a court of equity to first determine her rights by settling the meaning of the clause of the will. There is nothing complicated, obscure, or difficult in the provision nor can there be any serious doubt or uncertainty as to the rights of the parties claiming under it. Should the court hold that the clause vested in John an estate in

fee simple in the land on condition subsequent, or that the estate was not divested by nonperformance of the condition, the plaintiff could recover the land in an action of ejectment. She must bring such an action to recover the possession, even if a court of equity should construe the clause as she claims it should be construed. 'So far as a will of .real property bequeathes purely legal estates, and the devisees therein obtain purely legal titles to the land given, the enforcement thereof belongs to the courts of law by means of the action of ejectment. The courts of law have full power to construe and interpret the instrument, and to determine the rights of the devisees. There is no necessity, and therefore no power, of resorting to a court of equity in order to obtain a construction of such wills.' 3 Pom. Eq. Jur. Sec. 1155.''

Since the Common Pleas Court, by virtue of its general jurisdiction of an action of ejectment having authority in law and equity as an incident to that jurisdiction, takes cognizance of and passes upon the interpretation of wills, is that well-established and recognized jurisdiction ousted, modified or superceded by Section 2101.24, Revised Code? We do not think so. That section of the Code plainly confers on the Probate Court exclusive jurisdiction in a distinct and separate action limited to and characterized as an action having the sole end and purpose, the construction of a will.

The action before us is not such an action, although an interpretation of the will is incidental to the general power and authority in the Common Pleas Court to determine the cause of action brought in ejectment. There is nothing in the language of either Section 2101.24 or Section 5303.03, Revised Code, which subtracts or limits the full jurisdiction of the Common Pleas Court in an action of ejectment to determine the legal title, be it by will, deed or otherwise in plaintiff, upon which to award possession of the land. Furthermore, it can not be said that Section 2101.24, Revised Code, is an implied modification of Section 5303.03, Revised Code, which invests jurisdiction in the Common Pleas Court with the incidental concomitant authority to ascertain the legal title to the land. This jurisdiction can be said to come within the language ''unless otherwise provided by law.'' We do not see anything in the facts admitted, sound-

ing in an action in ejectment, which calls for the interposition of another action in the Probate Court to construe the will. The plaintiff should not be compelled to take such circuitous action which would not change the final result.

It is urged that the case of *VanStone* v. *VanStone*, 95 Ohio App., 406, 120 N. E. (2d), 154, decided by this court, is authority in support of the contention of defendants. We find nothing in that case contrary to or inconsistent with the conclusion reached in the case now before the court. This court in that case decided that the action was brought solely for the construction of a will to impose a trust, and properly held that the Common Pleas Court lacked jurisdiction, since Section 10501-53, General Code (now Section 2104.24, Revised Code), invested exclusive jurisdiction in such action in the Probate Court.

Plaintiff's legal title to and right to possession are shown by the admitted facts. There is nothing ambiguous, complex or difficult in the provision of the will of Alfred Lapish in which his wife, Sarah, who predeceased him, was given a life estate in the land, followed by a devise of 40 acres each thereof to his four children with the provision that "If, however, either of my children should die leaving no issue, then the property devised to such shall be divided equally between the brothers and sisters then living."

Plaintiff maintains that the provision in the will of Alfred Lapish created a contingent devise subject to being divested upon proof that one or more of the devisees died without issue. In view of the long-established law of Ohio, repeatedly adhered to, the intention of the testator and the language employed compel the conclusion that plaintiff has legal title to the land described in the petition. She is the only living child of Alfred Lapish, deceased, surviving at the death of John Lapish, a brother, who died "leaving no issue." *Parish's Heirs* v. *Ferris*, 6 Ohio St., 563; *Niles* v. *Gray*, 12 Ohio St., 320; *Briggs* v. *Hopkins*, 103 Ohio St., 321, 132 N. E., 843; *Fetterman* v. *Bingham*, 115 Ohio St., 35, 152 N. E., 10; *Ohio National Bank of Columbus, Gdn.*, v. *Harris*, 126 Ohio St., 360, 185 N. E., 532; *Van Tilburg* v. *Martin*, 120 Ohio St., 26, 165 N. E., 539; *Steinbrenner* v. *Dreher*, 140 Ohio St., 305, 43 N. E. (2d), 283.

The assignments of error are well taken. Accordingly, the judgment for defendants is reversed; and, since the question presented is one of law upon the record of undisputed facts, this court must consider the same and render judgment thereon as should have been done by the Common Pleas Court.

Therefore, it is ordered that plaintiff have judgment in her favor against defendants for possession of the land described in the petition. Evidence of damages to plaintiff for withholding possession was not offered, and no damages can, therefore, be awarded.

The cause is remanded to the Common Pleas Court for execution of judgment.

*Judgment accordingly.*

DEEDS and FESS, JJ., concur.