**Ohio Northern University**
**v.**
**Ramga**
*[Cite as 5 AOA 54]*

*Case No. 2-88-1*
*Auglaize County, (3rd)*
*Decided July 12, 1990*

*Gregory D. Wilson, Attorney at Law, Spring & Front Street, P.O. Pox 327, St. Marys, Ohio 45855, for Appellant.*

*Ronald H. Miller, Attorney at Law, Henkener & Miller, 5 Willipie Street, Wapakoneta, Ohio 45895, for Appellees.*

YOUNG, J.

This matter is before this court upon the appeal of Geraldine Ramga from a judgment of the Court of Common Pleas of Auglaize County which denied that she had any claim of interest in certain real estate and quieted title against her in favor of appellees, Ohio Northern University ("O.N.U."), and the First United Methodist Church ("church"). Winona H. Bailey died on May 30, 1985. She devised ninety-five acres of land to O.N.U. and the church upon certain conditions subsequent. In the event the conditions were not performed, Mrs. Bailey's will provided that the real estate would revert to Geraldine Ramga and Wilda Simpson. Mrs. Bailey's will was admitted to probate on July 30, 1985. A certificate of transfer for the real estate was recorded on December 31, 1985.

As instructed by the terms of the will, in late January 1985, a letter was sent by appellees to the Smiths offering to them the sale of the real

estate according to the terms set forth in the will. The Smiths, Cloice, Paul C. and Michael, had rented and farmed the land during Mrs. Bailey's lifetime. Since the January letter was somewhat confusing, appellees sent another letter to the Smiths on February 25, 1986. The offer to purchase according to the terms of the will was rejected by the Smiths on March 7, 1986.

Subsequently, Paul and Judith Smith purchased the real estate upon terms other than those set forth in the will. The sale was executed on July 30, 1986.

Appellees filed this action to quiet title in the Court of Common Pleas of Auglaize County. After a trial to the bench, appellant immediately appealed the decision, which was adverse to her interest in the real estate. Appellant now asserts the following two assignments of error:

### ASSIGNMENT OF ERROR NO. 1
"THE TRIAL COURT ERRED IN DINING THAT IT HAD JURISDICTION TO HEAR AND DETERMINE THIS CASE.

### ASSIGNMENT OF ERROR NO. 2
"THE TRIAL COURT ERRED IN DETER-MINING THAT DEFENDANT-APPELLANT HAD NO RIGHT TO POSSESSION, TITLE OR INTEREST IN THE REAL ESTATE THE SUBJECT OF THIS ACTION."

In her first assignment of error, appellant asserts that the Court of Common Pleas of Auglaize County did not have jurisdiction to hear the matter herein. Appellant asserts that the ambiguity in the terms of Mrs. Bailey's will necessarily required an action to construe the will. Thus, it is appellant's contention that the matter herein was solely within the jurisdiction of the probate court and was not properly before the common pleas court. Appellant cites R.C. 2101.24(A) (Il), and the case of *Avery v. Avery* (1958), 107 Ohio App. 199, to support her position that the probate court has exclusive jurisdiction to construe wills. However, in analyzing the facts and holding of *Avery*, this court interprets the holding of *Avery* to be supportive of appellees' position. The facts of *Avery* involved an action in ejectment. The appellate court found in that case that the interpretation of the devisee's will was incidental to the common pleas court's general power and authority to determine the cause of action which was brought in ejectment. *Id.*

In applying the rationale of *Avery* to the facts before this court, appellees filed within the common pleas court an action to quiet title. As in *Avery*, incidental to its general power to deter-mine the legal title of the real estate in dispute, the common pleas court has the power and authority to interpret the will of Mrs. Bailey. The terms of Mrs. Bailey's will are very explicit and in order to quiet title, the common pleas court needed only to ensure that the conditions subsequent, as set forth in the devise, had been met. Accordingly, appellant's first assignment of error is not well taken and is overruled.

In her second assignment of error, appellant asserts that the trial court erred in determining that she had no right to possession, title or interest in the real estate. The will of Winona Bailey, in pertinent part, provides as follows:

"ITEM IV. I devise my real estate which is presently ninety-five (95) acres of farmland to OHIO NORTHERN UNIVERSITY, Ada, Ohio, and to FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, in equal shares, share and share alike on the following conditions:

"The farmland shall be offered for sale by OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, to CLOICE SMITH, PAUL C. SMITH, and MICHAEL SMITH, individually in the order named herein or to all of them as they may choose. Any one of the three in the order named or all three of them shall have a period of three (3) months from the date of offer by OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, to enter into a written contract to purchase said property at One Thousand Two Hundred Fifty Dollars ($1,250.00) per acre, irregardless of the appraised value. If any one or more of the Smiths choose to buy the property at One Thousand Two Hundred Fifty Dollars ($1,250.00) per acre, they shall be given the right to purchase same by land contract or by deed with mortgage back to sellers, as the parties may agree, but upon the following terms:

"The SMITHS shall have the option to pay for the property by making a principal payment of Five Thousand Dollars ($5,000.00) down and four (4) more payments each year thereafter consisting of Five Thousand Dollars ($5,000.00) on the principal, plus interest not to exceed ten percent (109), for a total of Twenty-five Thousand Dollars ($25,000.00) payable on the principal and at the end of the fifth year from the date of the land contract or the deed, the full balance shall be due and payable unless all the parties negotiate a different arrangement. If the SMITHS do not choose to purchase the property by completing same upon the terms outlined herein, within

three (3) months after they are offered the property by the church and by OHIO NORTHERN UNIVERSITY, then they shall lose their right to purchase the property and the property shall be free and clear of any restrictions of sale by OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio. Time is of essence in the determination by both parties in order to determine the inheritance tax. All parties should strive to work out all agreements prior to nine (9) months from the date of my death. If the SMITHS do not purchase the property by completing an agreement with OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, within two (2) months after they are offered the property, then the SMITHS shall lose their right to purchase the property and the property shall then be free and clear of any restrictions of sale by OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio. If OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, should refuse to accept said property on the aforementioned terms, then the property shall become a part of my residuary estate. Should OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, accept the property on the aforementioned terms and fail to carry out the terms within two (2) months after the property is transferred to them, then the property shall revert one-half to GERALDINE RAMGA, or the heirs of her body, and one-half to WILDA SIMPSON, or the heirs of her body."

Appellant argues that O.N.U. and the church failed to carry out the terms of the will within two months after the property was transferred to them and thus, the property should revert to appellant and Wilda Simpson. Appellant argues that the appellees did not fulfill the condition subsequent of offering the property for sale to the Smiths until six months after the property was transferred. Appellant designates the date of transfer of July 30, 1985, the date that Mrs. Bailey's will was read into probate court.

Although title may have passed to appellees on the date of Mrs. Bailey's death, May 30, 1985, appellees were not authorized to proceed with a sale of the property by the probate court until the Certificate of Transfer was filed and recorded with the County Recorder on December 31, 1985. See Mutual Exhibit A. It should be noted that while title to real estate generally passes by testate succession at the time of death, the will, in this case, does not refer to the date of death, but rather refers to a "transfer" of the property. The will states:

"*** Should OHIO NORTHERN UNIVERSITY and FIRST UNITED METHODIST CHURCH, Wapakoneta, Ohio, accept the property on the aforementioned terms and fail to carry out the terms within two (2) months after the property is transferred to them, then the property shall revert one-half to GERALDINE RAMGA, or the heirs of her body, and one-half to WILDA SIMPSON, or the heirs of her body."

Mutual Exhibit A demonstrates that the certificate of transfer was filed and received in the county recorder's office on December 31, 1985, as evidenced by the county recorder's stamp. The testimonies of Cloice and Paul Smith and plaintiff's Exhibit #1 indicate that appellees offered the property for sale in accordance with the terms of the will at the latest, on February 25, 1986. Since the offer occurred within two months after the certificate of transfer was filed and recorded with the county recorder, the trial court did not abuse its discretion in quieting title in favor of appellees. Thus, appellees met the condition subsequent by offering the sale of the property to the Smiths within two months of the date that the real estate was transferred to them. In complying with this condition subsequent, appellees extinguished any reversionary interest that appellant might have had in the real estate.

The record indicates that on March 7, 1986, the Smiths refused to purchase the property at the terms set forth in Mrs. Bailey's will. Thus, according to the terms of the will, appellees acquired the property free and clear of any restrictions of sale. Subsequently, under no restrictions of sale, appellees entered into a purchase agreement for the sale of the real estate with Paul and Judith Smith based upon terms negotiated between the parties. Accordingly, appellant's second assignment of error is not well taken and is overruled.

Based on the foregoing, appellant's first and second assignment of error are not well taken and are overruled. The judgment of the Court of Common Pleas of Auglaize County is affirmed.

*Judgment affirmed.*

REILLY, P.J., concurs.

REILLY, P.J., WHITESIDE, and YOUNG, J.J., of the Tenth Appellate District, sitting by assignment in the Third Appellate District.

WHITESIDE, J., dissenting.

Although I concur in the majority opinion with respect to the first assignment of error, being unable to concur in the conclusions reached with respect to the second assignment of error, I must respectfully dissent.

The majority opinion is predicated upon several erroneous conclusions of law:

"(1) the sale of property cannot be made by a devisee under a will until the certificate of transfer is filed with the county recorder;

"(2) that the certificate of title has some effect of transferring title to property; and

"(3) that the word "transferred" as used in the will in question somehow should be construed as to refer to a certificate of transfer, rather than to the transfer of title to the property."

The focus of the majority appears to be more in the nature of concern of whether the title which vests in the devisee upon admission of the will to probate is marketable, rather than whether title is transferred to the devisee by the admission of the will to probate.

It has long been the law of Ohio that a devisee under a will may sell and convey his interest in real estate before completion of probate subject only to the possibility of the sale of the property to pay debts. *Hoyt v. Day* (1877), 32 Ohio St. 101. Title to devised real estate vests upon admission of the will to probate. See R.C. 2107.61, which provides that: "Unless it has been admitted to probate or record *** no will is effectual to pass real or personal estate." See, also, *Lessee of Swazey's Heirs v. Blackman* (1837), 8 Ohio 1.

The Ohio Marketable Title Act, R.C. 5301.47 to 5301.56, specifically recognizes filings in the probate court as being recordings of records and recognizes title by will or descent as being a title transaction. No reference to the certificate of transfer is made in the Marketable Title Act.

The certificate of transfer is provided by R.C. 2113.61(A) and is issued by the probate court, not as a document transferring the real estate but as a certification that the real estate has been transferred either by devise under a will or by statutory intestate succession. R.C. 2113.62 provides that such certificate of transfer may be recorded by the county recorder. The issuance of such certificate of transfer, however, is not a prerequisite to the transfer of title to the property, nor to the marketability or alienability of such real property. R.C. 2113.61 commences with the words, "[w]hen real estate passes *** under a will *** clearly connoting that the transfer

itself was effected by the admission of the will to probate and that the certificate is merely a memorialization of such transfer which has previously occurred.

The certificate of transfer itself in evidence herein indicates that it is merely a memorialization of a previous transfer of the property by the devise, commencing with the words, "[d]ecedent died on May 30, 1985 owning the real estate described in this certificate. The persons to whom such real estate passed by devise *** are as follows *** . The certificate in no way purports to be an instrument transferring the property but, instead, as its language and the statute indicate, it is merely a memorialization that title has been transferred by the will effective upon admission of the will to probate.

Other provisions of the statutes include a provision of R.C. 2107.47 protecting bona fide purchasers of real estate from a devisee under a will admitted to probate from the effects of a later will of the decedent disposing of the same property to another person, unless the later will is offered for probate within three months after the appointment of the executor or administrator. R.C. 2113.52 provides that a devisee taking real estate under a will takes the estate subject to all taxes, penalties, interest, and mortgages in the absence of a specific provision in the will to the contrary. In short, real estate devised under a will is transferred to the devisee upon admission of the will to probate. Necessarily, this occurs sometime after death of the testator, rather than upon death, but transfer of the title is not delayed until the certificate of transfer is issued.

Accordingly, the will in question appropriately used the word "transferred to them" because the transfer is a date certain, easily ascertainable, namely, the date upon which the will was admitted to probate, which in this case was July 30, 1985, exactly two months after the death of the testator. There simply can be no other date of transfer since under Ohio law title to real property devised in a will is transferred to the devisee under that will upon admission of the will to probate.

Such conclusion is the only one that makes the provisions of the will cohesive and coherent. The testator indicated that she wished that the entire agreement for sale be worked out within nine months from the date of her death, yet, she required the devisees, Ohio Northern-University and First United Methodist Church, to accept the property and carry out the terms within two

months after the property is transferred to them, which requirement was that an offer be made to the Smiths to enter into a written contract for the purchase of the property. The Smiths then were given two months in which to complete an agreement to purchase the property and a total of three months to complete the transaction for purchase. Accordingly, since the transfer of the property by admission of the will to probate did not occur until two months after the testator's death, a total of seven months was allotted for completion of the transaction. In other words, the nine-month provision took into account the delay inherent in admission of a will to probate.

Even if the certificate of transfer somehow could trigger some event contemplated by the will, the certificate of transfer's effectiveness would be when it was filed in the probate court, not when it was filed and recorded in the county recorder's office, the date relied upon by the majority. The certificate of transfer is dated as being issued December 20, 1985, and it is certified on that date as being correct.

Accordingly, even if the majority's conclusion were correct, the date of transfer would be December 20, 1985, and the two-month period for offering the property to the Smiths would expire on February 20, 1986. The record is somewhat unclear as to when the offer was first made to the Smiths, but the formal offer was not until February 26, 1986. There is no statutory basis for the majority conclusion that the crucial date was the date of filing of the certificate of transfer with the county recorder.

The records of the probate court required to be kept by R.C. 2101.12 are just as much public record as to create constructive notice, as are the records of the county recorder. This is especially true since the will itself, which when admitted to probate effects the transfer of title and all rights incident thereto, is recorded with a certificate of probate in the probate court, not the county recorder's office. In other words, the appropriate public record to review to determine present title to property which was owned by a deceased person at the time of his death is the probate record.

Although there is provision for recording of the certificate of transfer in the recorder's office, there is no statutory provision requiring such recording as a prerequisite to public notice of the transfer of title by the admission of the will to probate. R.C. 5301.25(A) requiring recording in the office of the county recorder to be binding on a subsequent bona fide purchaser pertains only to "instruments in writing properly executed for the conveyance or encumbrance of lands." A certificate of transfer is not a conveyance, title having previously been transferred by the admission of the will to probate.

For the foregoing reasons, the second assignment of error should be sustained, and the judgment of the Court of Common Pleas of Auglaize County should be reversed, and this cause remanded to that court for further proceedings in accordance with law, consistent with this opinion.